595 So.2d 234 (1992)
Ross E. WAYLAND, Appellant,
v.
Shirley WAYLAND, Appellee.
No. 90-2544.
District Court of Appeal of Florida, Third District.
March 3, 1992.
Elser Greene & Hodor and Cynthia Greene, Miami, for appellant.
Beth Tyler Vogelsang, Miami, for appellee.
Before JORGENSON, COPE, and GODERICH, JJ.
PER CURIAM.
The husband appeals from a final judgment of dissolution of marriage arguing *235 that the trial court abused its discretion when it denied his motion for disqualification. The case first came before this court seeking a writ of prohibition. We denied the petition because the trial judge had been transferred to another division, thereby rendering the petition moot. One year after the final hearing and transfer, the trial judge entered the final judgment in this case. We reverse.
"A judge ... should conduct himself [herself] at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary." Fla. Bar Code Jud. Conduct, Canon 2 A. Here, the trial judge chose to enter the proceedings as a participant offering to aid in the sale of the marital home.[1] Such behavior casts a shadow upon judicial neutrality and raises a reasonable question as to a judge's impartiality. Disqualification was, therefore, mandated. Crosby v. State, 97 So.2d 181 (Fla. 1957).
Accordingly, we reverse the final judgment of dissolution of marriage and remand for a new trial.
NOTES
[1] The trial judge had the following dialogue with the litigants:

The Court: How many pieces of property do we have to dispose of? Three?
Wife's Counsel: Every piece... .
The Court: The home?
Wife's Counsel: Yes... .
* * * * * *
The Court: Now, I may have somebody who might be interested in purchasing, depending on what they want to do with it... .