PER CURIAM.
P.J. Blizzard has appealed an order of the trial court summarily denying his motion for post-conviction relief pursuant to Rule 3.850, Florida Rules of Criminal Procedure. We reverse.
In May 1989, Blizzard was sentenced in Case No. 89-126 for robbery (a second-degree felony), and in Case No. 89-139 for burglary of a conveyance (a third-degree felony). He received concurrent probationary split sentences of 4 years incarceration followed by 10 years probation in 89-126, and 3 years incarceration plus 1 year probation in 89-139. Blizzard completed the incarcerative portions of the sentences, but violated probation one month into the subsequent probationary period.
The trial court revoked Blizzard’s probation in January 1991, and orally imposed concurrent probationary split sentences of 5½ years incarceration plus 9 years, 11 months probation in 89-126, and 5 years incarceration plus 11 months probation in 89-139, with credit for the incarcerative portion already served. However, the subsequent written judgments and sentences transposed the incarcerative terms. Blizzard did not raise the transposition in the instant motion, but alleged that his total sentence exceeded the sentencing guidelines without written reasons. Nevertheless, the court’s response was merely to correct the transposition, and correspondingly amend the probation revocation orders. Although portions of the files purported to be attached to the order, they were not.
Our initial review of Blizzard’s motion left us uncertain as to the nature of the allegation. An allegation that the total of the incarcerative portions of the split sentences exceeded the guidelines range without written reasons would be without merit. The committee note to Rule 3.701(d)(12), Florida Rules of Criminal Procedure, provides that “[i]f a split sentence is imposed (i.e. a combination of state prison and probation supervision), the incarcer-ative portion imposed shall not be less than the minimum of the guidelines range nor exceed the maximum of the range.” Assuming arguendo that the correct range was 3½ to 7 years, the concurrent incarcer-ative terms of 5½ years in 89-126, and 5 years in 89-139 meet this requirement.
*543 However, the comment also provides that, if a probationary split sentence is imposed, “[t]he total sanction (incarceration and probation) shall not exceed the term provided by general law ” (emphasis supplied). The total sanction in 89-126 exceeds by 5 months the statutory maximum of 15 years for a second-degree felony, see section 775.082(3)(c), Florida Statutes (1989), and the total sanction in 89-139 exceeds by 11 months the statutory maximum of 5 years for a third-degree felony, see section 775.082(3)(d). Based on this apparent sentencing error, which we find encompassed by the language of Blizzard’s motion, we requested a response from the Attorney General’s office pursuant to Toler v. State, 493 So.2d 489 (Fla. 1st DCA 1986).
We have received the Attorney General’s response, but it notes only the trial court’s failure to attach the portions of the files and records purporting to be attached to the order herein appealed. Although we noted that deficiency in our initial review of the file, because the trial court did not specifically deny the relief sought by Blizzard but rather attempted to grant it (by correcting a transposition error not alleged by Blizzard but evidently discovered in its review of the file), the omission of the attachments was not vital to the disposition of the appeal.
Based on the failure of the trial court to address the allegations of Blizzard’s motion, and to conform his sentences to the requirement that the total of incarceration and probation in a split sentence not exceed the statutory maximum for the offense charged, we reverse the order entered herein insofar as it does not address this deficiency, and remand for resentencing consistent with this opinion.
Reversed and remanded with directions.
JOANOS, C.J., and BOOTH and KAHN, JJ., concur.