626 So.2d 1006 (1993)
William B. RANDOLPH, Appellant,
v.
STATE of Florida, Appellee.
No. 93-00092.
District Court of Appeal of Florida, Second District.
October 29, 1993.
*1007 James Marion Moorman, Public Defender, Bartow, and Brad Permar, Asst. Public Defender, Clearwater, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Carol M. Dittmar, Asst. Atty. Gen., Tampa, for appellee.
PATTERSON, Judge.
William Randolph appeals from his judgment and sentence for attempted handling and fondling of a child under sixteen. He argues that the trial judge erred in sentencing him and in denying his motion to recuse. We reverse Randolph's sentence, affirm the denial of the motion to recuse, and remand for resentencing.
In sentencing Randolph for a third-degree felony, the trial judge imposed a sentence of a five-year term of probation, with a "special condition" that Randolph serve five years in prison and that, upon release from prison, Randolph would be placed on community control for two years, with "the balance of the term" to be served on probation. No objection was necessary to preserve the issue for review, because this is an illegal sentence which constitutes fundamental error. See Greenhalgh v. State, 582 So.2d 107 (Fla. 2d DCA 1991). A probationary split sentence cannot exceed the statutory maximum sentence. See Blizzard v. State, 600 So.2d 542 (Fla. 1st DCA 1992); Gerow v. State, 516 So.2d 326 (Fla. 2d DCA 1987). Thus, it was error to impose community control and probation in addition to the five-year prison term.
Also, the special condition of probation that Randolph serve five years in prison was illegal. See Rosa v. State, 592 So.2d 769 (Fla. 5th DCA 1992); § 948.03(5), Fla. Stat. (1991). Furthermore, ordering that the "balance of the term" be served on probation was illegal because the term of probation was not definite and certain. See Maynard v. State, 561 So.2d 449 (Fla. 5th DCA 1990).
In departing from the guidelines, the trial judge gave as his departure reason an abuse of a position of familial authority. This is not a valid reason for departure in a child molestation case because "any act of child molestation involves an abuse of authority and breach of trust." Cumbie v. State, 574 So.2d 1074 (Fla. 1991) (attempted capital sexual battery); see Wilson v. State, 567 So.2d 425 (Fla. 1990) (lewd and lascivious assault on a child under sixteen years of age). Accordingly, we reverse Randolph's sentence and remand for resentencing within the guidelines.
Randolph also contends that the trial judge erred in denying his motion to recuse. In hearing the motion, the trial judge asked if the prosecutor "wish[ed] to be heard on it?" The prosecutor made comments which were inappropriate because they went beyond the question of the legal sufficiency of the motion. See Townsend v. State, 564 So.2d 594 (Fla. 2d DCA 1990) (trial judge may only determine legal sufficiency of motion to disqualify). The prosecutor's comments, *1008 however, should not be attributed to the trial judge. The trial judge denied the motion to recuse without comment, and Randolph does not dispute the state's assertion that the motion was legally insufficient. The judge did not create an "adversary atmosphere" with Randolph. Cf. Turner v. State, 598 So.2d 186, 187 (Fla. 1st DCA 1992) (judge denied truthfulness of allegations and challenged defendant to prove them). Thus, we affirm the denial of the motion to recuse.
Affirmed in part, reversed in part, and remanded.
DANAHY, A.C.J., and HALL, J., concur.