629 So.2d 293 (1993)
Kirby Lynn CHASTINE, Petitioner,
v.
The Honorable Virginia Gay BROOME, Circuit Judge of the Fifteenth Judicial Circuit of Florida, Respondent.
No. 93-3063.
District Court of Appeal of Florida, Fourth District.
December 22, 1993.
*294 V. Ted Brabham, Jr. of Henley & Brabham, P.A. and Rendell Brown, West Palm Beach, for petitioner.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Joan L. Greenberg, Asst. Atty. Gen., West Palm Beach, for respondent.
PER CURIAM.
Petitioner seeks disqualification of the trial judge from his first-degree murder case. Petitioner's sworn allegations that the trial judge improperly passed a note to the prosecution giving advice on trial strategy is a legally sufficient basis for disqualification. Accordingly, we grant the petition for writ of prohibition.
Petitioner (defendant) was tried and convicted of first-degree murder. During the second stage of the proceedings, the jury's recommendation regarding the death penalty resulted in a mistrial. The allegations giving rise to the recusal also occurred during the sentencing phase of the first-degree murder proceedings.
The trial judge wrote a note that she "passed" to the prosecutor which read "sometimes it is better not to cross-examine witnesses." When confronted by defense counsel about the note, the judge stated that she would give the defense counsel tips too if he needed them. This incident occurred after the trial judge denied the state's request to re-cross the defendant's older brother who had just given an emotional account of the abuse that he and defendant had endured as children.
We must necessarily focus our inquiry on "matters from which a litigant may reasonably question a judge's impartiality rather than the judge's perception of his [or her] ability to act fairly and impartially." Livingston v. State, 441 So.2d 1083, 1086 (Fla. 1983). See also MacKenzie v. Super Kids Bargain Store, 565 So.2d 1332 (Fla. 1990).[1] In the case of a first-degree murder trial, where the trial judge will determine whether the defendant is to be sentenced to death, the reviewing court should be especially sensitive to the basis for the fear, as the defendant's life is literally at stake, and the judge's sentencing decision is in fact a life or death matter. Livingston v. State, 441 So.2d at 1087.
Here, the defendant has alleged that the judge cautioned the prosecutor against further cross-examination of a defense witness who had presented the jury with what was reported to be an emotional and sympathetic account of the abuse that the defendant had suffered in his childhood. On these facts, a defendant would have a reasonable fear that the trial judge's advice to the state on how to minimize the effect of defense testimony offered in mitigation of a death penalty recommendation would be an indication that the judge's sentencing decision might not be fair and impartial. We thus deem the defendant's concern over the trial judge's advice to *295 the prosecution on trial strategy to be a legally sufficient basis to warrant recusal.
When the judge enters into the proceedings and becomes a participant, a shadow is cast upon judicial neutrality so that disqualification is required. See Wayland v. Wayland, 595 So.2d 234, 235 (Fla. 3d DCA 1992) (citing Crosby v. State, 97 So.2d 181 (Fla. 1957)). Obviously, the trial judge serves as the neutral arbiter in the proceedings and must not enter the fray by giving "tips" to either side. We are also concerned about the manner in which the communication occurred: by passing a note. Such conduct constitutes an impermissible ex parte communication at the sentencing stage of the death penalty proceedings. Compare Spencer v. State, 615 So.2d 688 (Fla. 1993).
Petitioner raises as an additional ground for disqualification the fact that the judge and the prosecutor had previously worked together in the office of the state attorney and enjoyed a close working relationship. While that reason by itself does not require disqualification, and was not raised timely, the giving of trial tips to the prosecution may be viewed in conjunction with the prior association in analyzing whether, from the defendant's viewpoint, he had a reasonable fear of not receiving a fair and impartial trial and sentencing decision in his death penalty case. We dismiss the remaining reasons for disqualification raised by petitioner as legally insufficient.
Accordingly, we grant the petition for writ of prohibition and remand the cause for further proceedings consistent with this opinion.
PROHIBITION GRANTED.
GLICKSTEIN, WARNER and PARIENTE, JJ., concur.
NOTES
[1] The state concedes that the note was passed, but responds that the prosecutor assumed the judge intended the note for defense counsel. While this response to the facts rather than to legal sufficiency is inappropriate, in any event it is the sworn factual allegations of defendant's motion which must be accepted as true. We do note that the state does not deny the incident took place. The trial judge did not properly respond to the allegations, but only passed on legal sufficiency. The state's improper response to the facts will not be imputed to the judge. See Randolph v. State, 626 So.2d 1006 (Fla. 2d DCA 1993).