687 So.2d 956 (1997)
Mark Stephen ROY, Appellant,
v.
Glynda A. ROY, Appellee.
No. 96-2269.
District Court of Appeal of Florida, Fifth District.
February 14, 1997.
Paul Martz, St. Augustine, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Barbara A. Ard and Jon J. Johnson, Assistant Attorneys General, Tampa, for Appellee.
ORFINGER, M., Senior Judge.
The former husband appeals an order adjudging him in contempt for failure to pay child support. We reverse because the trial court erred in denying appellant's motion for disqualification.
At the hearing on the Motion For Contempt, during a colloquy with appellant's counsel, while appellant was present and before the parties were sworn or any evidence taken, the trial judge referred to appellant as "Mr. Dead Beat Man of the Year." Appellant's counsel immediately moved for recusal of the judge, which motion was summarily denied. Counsel subsequently served and filed a written motion for disqualification, with appellant's supporting affidavit to the effect that, because of said remark, appellant was in fear that he could not and did not receive a fair hearing. That motion was also denied.
Because the perception of bias arose during the hearing, counsel correctly moved for disqualification at that time, and later reduced the motion to writing. See Fla. R. Jud. Admin. 2.160(e).
The legal sufficiency of a motion for disqualification based on prejudice is whether the motion demonstrates a well founded fear on the part of a party that he or she will not receive a fair trial or hearing at the hands of the trial judge. Livingston v. State, 441 So.2d 1083 (Fla.1983); Levine v. State, 650 So.2d 666 (Fla. 4th DCA 1995).
Here, the motion for disqualification based on the reference to "Mr. Dead Beat of the Year," before any evidence was taken, was legally sufficient to place appellant in fear that the trial judge had already determined to hold him in contempt despite any mitigating evidence he might present, and the motion should have been granted.
We reverse the order of contempt appealed from, and remand the cause with directions that another judge be appointed to *957 hear the issues raised by the motion for contempt and any defenses the appellant may submit.
REVERSED and REMANDED.
COBB and ANTOON, JJ. concur.