WARNER, Judge.
Appellant claims that he was denied a fair trial when the trial court became an active *252 participant in his juvenile trial by requesting additional evidence and continuing the proceedings on its own motion to receive it. We agree that the trial judge impermissibly injected himself into the proceedings and reverse.
Appellant was charged with grand theft of an automobile and his case proceeded to an adjudicatory hearing. On cross-examination, appellant’s attorney asked one of the state’s witnesses, an investigating officer, if he had obtained any fingerprints off of the stolen automobile. The officer stated that he had obtained fingerprints but that the test results thereon were not available at the time of trial. The defense presented several witnesses to establish an alibi for appellant at the time of the theft. After both the state and the defense rested, the trial court asked the state to call the officer who had testified about the fingerprints back into the courtroom. The trial judge proceeded to ask the officer when the results would be ready for the fingerprint analysis and directed the witness to have the results done within a week. The judge sua sponte ordered the hearing continued pending the results of the fingerprint examination. The state never asked for a continuance, nor did the state give any indication that it intended to submit the results of the fingerprint examination into evidence. Approximately a week later, the hearing resumed, and, over the objection of appellant that the state should not be allowed to reopen the case, the trial court admitted the evidence which incriminated appellant.
While it is permissible for a trial judge to ask questions deemed necessary to clear up uncertainties as to issues in cases that appear to require it, see Watson v. State, 190 So.2d 161, 164 (Fla.1966), cert. denied, 389 U.S. 960, 88 S.Ct. 339, 19 L.Ed.2d 369 (1967), the trial court departs from a position of neutrality, which is necessary to the proper functioning of the judicial system, when it sua sponte orders the production of evidence that the state itself never sought to offer into evidence. In Chastine v. Broome, 629 So.2d 293 (Fla. 4th DCA 1993), a trial judge passed a note to the prosecutor giving the attorney strategy tips. We concluded that when a judge becomes a participant in judicial proceedings, “a shadow is cast upon judicial neutrality.... ” Id. at 296. This neutrality is that much more impaired when the trial court actively seeks out the presentation of additional evidence in a case.
In Herman v. United States, the court stated that:
A trial judge “should never assume the role of prosecuting attorney and lend the weight of his great influence to the side of the government.” Hunter v. United States, 5 Cir., 1932, 62 F.2d 217, 220. In our system of administering justice the functions of the trial judge and the prosecuting attorney are separate and distinct; they must not be confused. The trial judge has a duty to conduct the trial carefully, patiently and impartially. He must be above even the appearance of being partial to the prosecution. Blumberg v. United States, 5 Cir.1955, 222 F.2d 496, 501; Zebouni v. United States, 5 Cir., 1955, 226 F.2d 826.
289 F.2d 362, 365 (5th Cir.1961), overruled on other grounds by United States v. Zuniga-Salinas, 952 F.2d 876 (5th Cir.1992). Here, the trial court assumed the role of the prosecutor by directing a witness for the state to obtain additional evidence and sua sponte continuing the hearing pending the results when the state never gave any indication that it intended to admit the fingerprint evidence. The judge’s actions can easily be seen as giving the state an unrequested second chance to prove its case. Indeed, the trial judge even suggested that he was not convinced beyond a reasonable doubt regarding appellant’s guilt until the fingerprint results were admitted into evidence. After finding appellant guilty, he said “I just can’t get around the fingerprint.”
For the foregoing reasons, we reverse and remand for a new trial before a different trial judge.
GLICKSTEIN and SHAHOOD, JJ., concur.