STONE, J.
We affirm Shores’ conviction and sentence for escape and, in doing so, reject his assertion that, in the course of his trial, the court committed fundamental error in advising the state how to develop impeaching evidence and in offering to recess the proceedings to allow the state to do so.
At the time of Shores’ escape, he was incarcerated and awaiting sentencing. During his opening statement, defense counsel indicated that Shores’ reason for his escape was to go to North Carolina to “rescue” his 11-year-old daughter from a deleterious living situation. The state objected and noted that the argument had opened the door to allowing it to prove that, despite Shores’ worry about his daughter, the first thing he did on his escape was to smoke crack in Hollywood, “according to [the defendant’s] testimony at the last trial.” Defense counsel and the state argued as to whether this was an accurate statement of Shores’ testimony at the prior trial. The alleged assistance occurred when the trial judge stated:
This is premature. Mr. Shores is not on the stand. Between now and that time, you may want to contact the court stenographer and see about getting a transcript of that testimony. We can take a break in a little while. And I will be glad to accord you that opportunity.
No objection was raised by the defense at the time of the trial judge’s suggestion. *167 When Shores later testified, the state did not attempt to examine him as to his testimony at the prior trial.
In accordance with Brennan v. State, 754 So.2d 1 (Fla.1999), we conclude that the error, if any, was neither preserved nor fundamental.
Regardless, while this court has recognized that a “trial judge serves as the neutral arbiter in the proceedings and must not enter the fray by giving ‘tips’ to either side,” Chastine v. Broome, 629 So.2d 293 (Fla. 4th DCA 1993); see also J.F. v. State, 718 So.2d 251 (Fla. 4th DCA 1998), the merits of Shores’ claim would not require reversal.
In J.F., after both state and defense had rested, the trial judge recalled the police officer to testify regarding fingerprint analysis that the state had never sought to introduce and recessed the hearing for one week in order to obtain the results. See id. In Chastine, the trial judge improperly suggested trial strategy to the state by slipping a note to the prosecutor which read “sometimes it is better not to cross-examine witnesses.” See id. Further, in McFadden v. State, 732 So.2d 1180 (Fla. 4th DCA 1999), the trial judge went too far in assisting an unprepared prosecutor at a violation of probation hearing by, among other things, inviting the state to cure its failure to prove essential elements of the violation of probation, actively participating in examination of witnesses, including the defendant, and suggesting that the probation officer file a new warrant with correct dates regarding the defendant’s absence from the county.
We deem each of these authorities distinguishable. It does not appear, here, that the court was attempting to assist the state in obtaining the information necessary to successfully impeach Shores. Both the state and defense had differing recollections of the defendant’s previous trial testimony. In our view, the court was simply expressing a means to establish the truth, whoever may benefit therefrom. Therefore, we discern no error, as the court’s “assistance” was not a departure form neutrality and fell within trial court discretion in the conduct of court procedure.
As to the other issue raised, we also affirm.
POLEN and GROSS, JJ., concur.