765 So.2d 965 (2000)
Alan M. ASBURY, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-3404.
District Court of Appeal of Florida, Fourth District.
September 6, 2000.
Richard L. Jorandby, Public Defender, and Jennifer Brooks, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Robert R. Wheeler, *966 Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
The Defendant appeals his convictions and sentences for possession of cocaine with intent to sell and possession of less than twenty grams of marijuana. The Defendant asserts (1) he was denied the right to a fair suppression hearing by a neutral trial court, (2) the trial court erred by permitting the State to introduce evidence of typical narcotics transactions, and (3) the trial court erred by entering a written sentence that does not conform to its oral pronouncement. Because the first issue requires reversal, we do not address the Defendant's other arguments.
Before trial, the Defendant filed a motion to suppress a bag of drugs recovered by the police. Instead of hearing the suppression motion before trial, the trial court conducted the hearing during the trial after two officers had already testified.
When the suppression hearing commenced, both the State and the defense told the trial court they had only argument, not evidence, to present. At that point, the following transpired:
COURT: Okay, and are you sure one of you doesn't [sic] want to call one of the police officers and ask him, you know, why they picked this area, I mean, what their backgroundI mean, why this is they decided to look at 
[STATE]: Judge, I mean, if that would aid the Court, I can certainly do so.
COURT: Well, I'm justyou know, I mean, this would be evidence that would certainly not be admissible in front of the jury.
At the trial judge's instigation, the State then recalled the two officers that had previously testified during trial. After hearing the officer's testimony and argument from counsel, the trial court itself recalled the officers and asked them questions. The trial court again heard argument from counsel and ultimately denied the motion to suppress.
On appeal, the Defendant argues the trial court denied him the right to a fair hearing by an impartial trial court where at the suppression hearing the trial court, on its own initiative, recalled the officers to testify and invited a narrative of the events. We agree and reverse.
"While it is permissible for a trial judge to ask questions deemed necessary to clear up uncertainties as to issues in cases that appear to require it, the trial court departs from a position of neutrality, which is necessary to the proper functioning of the judicial system, when it sua sponte orders the production of evidence that the state itself never sought to offer into evidence." J.F. v. State, 718 So.2d 251, 252 (Fla. 4th DCA 1998). "When the judge enters into the proceedings and becomes a participant, a shadow is cast upon judicial neutrality so that disqualification is required." Chastine v. Broome, 629 So.2d 293, 295 (Fla. 4th DCA 1993). "This neutrality is that much more impaired when the trial court actively seeks out the presentation of additional evidence." J.F., 718 So.2d at 252. "Obviously, the trial judge serves as the neutral arbiter in the proceedings and must not enter the fray by giving `tips' to either side." Chastine, 629 So.2d at 295.
In the present case, the trial court departed from the appearance of neutrality and became an active participant by prompting the State to present evidence and by sua sponte recalling witnesses and then asking them questions. We conclude that the trial judge's conduct during the suppression hearing denied the Defendant the right to a fair hearing by an impartial trial court. Accordingly, we reverse and remand.
REVERSED AND REMANDED.
DELL, GUNTHER and STEVENSON, JJ., concur.