768 So.2d 538 (2000)
DON KING PRODUCTIONS, INC., a Florida corporation, Petitioner,
v.
Julio Cesar CHAVEZ, Top Rank, Inc., Time Warner Entertainment Company, L.P. and Robert Arum, Respondents.
No. 4D00-2031.
District Court of Appeal of Florida, Fourth District.
October 11, 2000.
*539 Alison E. Bethel, Alvin B. Davis, P.A., and William K. Hill, P.A. of Steel Hector & Davis LLP, Miami, for petitioner.
Joel S. Perwin of Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin, P.A., Miami, for respondents-Top Rank, Inc., Time Warner Entertainment Company, L.P., and Robert Arum.
WARNER, C.J.
Petitioner moved to disqualify the trial judge on the grounds that the judge indicated that he would not believe petitioner. While such statements do not require disqualification when based upon impressions formed during the course of a proceeding, see Mobil v. Trask, 463 So.2d 389 (Fla. 1st DCA 1985), disqualification is warranted where a trial judge's statement of disbelief of a party is not related to the case before the judge. See Brown v. St. George Island, Ltd., 561 So.2d 253, 257 (Fla.1990). We grant the petition because the trial judge's comments in this case were specifically directed at petitioner and not based upon impressions formed during the proceeding. In this case, the trial judge made the following comments at a motion for summary judgment hearing:
MR. HILL [counsel for DKP]: On the denial of the existence of the 1997 performance (sic) agreement, Mr. Arum says he sat Chavez down and cross-examined him. That is the first question I asked him. I said on page one of his deposition, "Did you sign the 1997 performance (sic) agreement?" He said yes. So I don't know what sort of cross examination took place but there is at least a fact issue there as to what Chavez knew or, you know, what he could have said.
THE COURT: No question Chavez knew. The question is did he tell Mr. Arum.
MR. HILL: More to the point on that, that is no real excuse when Don King had previously told Mr. Arum of that contract and a week later gave him a copy of the contract. So that is the issue.
THE COURT: Well, let me say with all due respect to all parties, the boxing game, I'm not sure I'd believe most people in the boxing game if they told me something.
MR. HILL: That is a good point. We asked Mr. Arum in that deposition we said point blank, "Do you believe Julio Cesar Chavez is a truthful person," and Mr. Arum said, "No, I do not"
THE COURT: I'm not talking about Julio. I'm talking about Don King. If I'm in the boxing business, from what I understand of the boxing business, if Bob Arum called me up, said, "Don King said, `I've got a contract with such and such a fighter.'" I would say, "Show it to me." I wouldn't act based on what he told me.
Although respondents attempt to explain that the judge was expressing a disbelief of people in the boxing industry in general, the judge's comments were directed specifically to Mr. King and not Mr. Arum. The court said, "I'm not sure I'd believe most people in the boxing game if they told me something." When petitioner's attorney then referred to Chavez, the court interrupted, saying "I'm not talking about Julio, I'm talking about Don King."[1] We conclude that this is a statement of disbelief of petitioner specifically, unrelated to any testimony that the court heard in the particular case, and is the type of comment which supports disqualification. See, e.g., Brown, 561 So.2d at 257.
*540 The petition is hereby granted and the case is remanded for further proceedings before a substitute judge.
DELL and POLEN, JJ., concur.
NOTES
[1] In the respondent's brief, what appears to be a verbatim copy of the transcript omits the court's statement, "I'm talking about Don King." (Respondent's brief p. 4)