789 So.2d 1105 (2001)
Edmon LEE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-424.
District Court of Appeal of Florida, Fourth District.
June 20, 2001.
Rehearing Denied August 20, 2001.
*1106 Carey Haughwout, Public Defender, and Benjamin W. Maserang, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Claudine M. LaFrance, Assistant Attorney General, West Palm Beach, for appellee.
DAMOORGIAN, DORIAN K., Associate Judge.
Appellant, Edmond Lee, timely appeals from a judgment finding him guilty of forgery. Appellant contends that the trial court erred by taking an active role in the proceedings. Specifically, appellant argues that the trial court improperly suggested a line of questioning to the state regarding identifying marks on appellant's body. In response, the state argues that the court was merely managing the tempo of the trial and was attempting to clarify the state's position regarding whether the state would be furnishing physical, non-testimonial evidence. In the alternative, the state argues that if the trial court erred by taking an active role in the proceeding, such error was harmless. We agree that the trial judge impermissibly injected himself into the proceedings and that the error was not harmless.
The law in Florida expressly prohibits a judge from becoming an advocate for either party's position. J.F. v. State, 718 So.2d 251, 252 (Fla. 4th DCA 1998); see also Chastine v. Broome, 629 So.2d 293 (Fla. 4th DCA 1993).
While it is permissible for a trial judge to ask questions deemed necessary to clear up uncertainties as to issues in cases that appear to require it, the trial court departs from a position of neutrality, which is necessary to the proper functioning of the judicial system, when it sua sponte orders the production of evidence that the state itself never sought to offer into evidence.
J.F., 718 So.2d at 252 (citation omitted).
The case law is replete with examples where this court has found reversible error when the trial court improperly assisted the state in proving its case. In Chastine, this court disqualified a trial judge who passed a note to the prosecutor giving the attorney strategy tips. 629 So.2d at 295. Similarly, in J.F., this court reversed where a trial judge "assumed the role of the prosecutor by directing a witness for the state to obtain additional evidence" and sua sponte continued a hearing pending results of a fingerprint examination. 718 So.2d at 252. In Asbury v. State, 765 So.2d 965 (Fla. 4th DCA 2000), this court, citing J.F. and Chastine, determined that a trial court judge became "an active participant by prompting the State to present evidence and by sua sponte recalling witnesses and then asking them questions." 765 So.2d at 965. See also Lyles v. State, 742 So.2d 842 (Fla. 2d DCA 1999)(finding that the trial court committed fundamental error by sua sponte ordering defendant's *1107 fingerprints and bifurcating hearing to allow additional testimony). In McFadden v. State, 732 So.2d 1180, 1183 (Fla. 4th DCA 1999), this court found reversible error where the trial court assisted "an unprepared state attorney" by inviting the state to reopen its case after the defendant had moved to dismiss because there had not been any identification of the defendant and the state had not established that the defendant had been informed of the conditions of probation.
In this case, the prosecutor had finished asking the state's eyewitness about appellant's tattoos and had not asked the eyewitness to identify them on appellant's forearm in court. After the prosecutor had indicated that direct examination of the witness was concluded, the trial court sua sponte called a sidebar conference. During the sidebar conference, the trial court asked the prosecutor whether he intended to have the eyewitness identify appellant's tattoos and scars in court, which the prosecutor had not indicated he would do prior to this point. The court stated to the prosecutor during the sidebar, in response to a question on how the procedure would take place, that "you need to ask if she thinks she can identify [the marks] and what they look like." After the sidebar conference concluded, the prosecutor then immediately launched into questions about the tattoos and scars located on appellant's forearms.
It is apparent from the record that the trial court departed from its position of neutrality by prompting the prosecutor to have the witness identify the scar and tattoos on appellant's forearm in front of the jury. But for the court's prompting during the sidebar conference, the prosecutor would not have embarked on that line of questioning. Based on these facts, the trial court reversibly erred because it became an active participant by "prompting the State" to present evidence of appellant's tattoos and scars. Asbury, 765 So.2d at 965.
Finally, the lower court's actions cannot be deemed harmless beyond a reasonable doubt when reviewed in the context of their significance at trial. See § 924.33, Fla. Stat. (2000)("No judgment shall be reversed unless the appellate court is of the opinion, after an examination of all the appeal papers, that error was committed that injuriously affected the substantial rights of the appellant."); see also State v. DiGuilio, 491 So.2d 1129 (Fla.1986) (burden is on the state to show harmlessness beyond a reasonable doubt).
First, the bank teller was the only eyewitness who saw the perpetrator in the bank. A videotape of the event was entered into evidence, but it is unknown how clearly that tape depicted the perpetrator's face. Second, the tattoos or scars are personal marks that might distinguish appellant from any other person as the perpetrator. Thus, testimony of an eyewitness identifying marks that were unique to appellant was highly incriminating evidence. Third, appellant's defense was one of misidentification. This evidence directly contradicted appellant's theory of the case (that someone else committed the crime and used his driver's license). Fourth, the prosecutor used the evidence against appellant during closing argument. In sum, the trial court's error in prompting the state to have the bank teller identify appellant's scar and tattoos in court was not harmless beyond a reasonable doubt.
For the foregoing reasons, we reverse and remand for a new trial before a different trial judge.
POLEN and TAYLOR, JJ., concur.