PALMER, J.
Richard and Linda Doyle appeal from an adverse final summary judgment arguing that the trial court erred in entering summary judgment against them and in denying their motion to disqualify the judge. Concluding that the motion to disqualify was legally insufficient, we affirm the denial of the motion to disqualify. However, concluding that disputed issues of material fact exist in the record, we reverse the entry of summary judgment.
Richard Doyle was a licensed real estate sales agent, employed by Hernando Beach Realty. Michael and Lois Maruszczak hired Doyle to find them property in the Hernando Beach area. In connection with that representation, the parties signed a transaction broker agreement which stated that Hernando Beach Realty was providing representation which included the duty to deal honestly and fairly with the Ma-ruszczaks.
The Maruszczaks were shown a number of lots for possible purchase. One lot, lot 11, was claimed in their affidavit to have been of interest to them. The Maruszc-zaks stated that they instructed Doyle to negotiate for the purchase of lot 11 at the best price and terms he could obtain.
After the listing on lot 11 expired, Mary Anne Marchant, the owner of the lot, offered it to Doyle at a reduced price, and he and his wife purchased it for themselves.
The Maruszczaks thereafter sued the Doyles seeking injunctive relief and the imposition of a constructive trust over lot 11. The Maruszczaks moved for summary judgment and filed a supporting affidavit reciting the above facts. The Doyles countered with affidavits from Richard Doyle and Mary Anne Marchant. Marchant stated that she contacted Doyle after the listing on her property expired, that she wanted Doyle and his family to live in her neighborhood because they were highly recommended, and that she would not have sold the lot to the Maruszczaks. Doyle stated that the Maruszczaks never told him they wanted to purchase lot 11, they never made an offer on any property which had been shown to them, and they did not want to make a commitment on any property.
After hearing argument, the trial court entered summary judgment against the Doyles stating:
..., the uncontroverted facts are that your clients were approached by [the Maruszczaks] and their affidavit, I’ve read it and reviewed it very carefully, doesn’t deny those specific details regarding that relationship. Nor does it specifically deny that this lot was of specific interest to the Maruszczaks and they were instructed by the Maruszc-zaks to look into that.
I think that is a sufficient basis to create the fiduciary relationship. We are professional. Realtors are professionals. They’re licensed, they’re trained, and they have a higher standard than the average car salesmen.
*309 Quite frankly, the undisputed acts of [the Doyles] are more akin, in the opinion of this Court, to a used car salesman than to a professional realtor. It appears to me that their affidavit falls woefully short of establishing a defense. It certainly shows this Court that they simply went out, saw a good deal and bought it out from under [the Maruszczaks].
That’s not to say ultimately that [the Maruszczaks] clients would have bought the lot; but they had the right under the law to have that lot looked into and then have the option to either buy it or not buy it. They were denied that by the professionals you represent, and I will grant the Motion for Summary Judgment.
(Emphasis added).
Upon entry of this ruling, the Doyles moved to disqualify the trial court, claiming that the above quoted comments reflected bias. The trial court denied the motion to disqualify, finding that the allegations made were legally insufficient. By separate order, the trial court entered final summary judgment on the Maruszczaks’ claim for constructive trust and issued a mandatory injunction. The constructive trust was declared with regard to lot 11 and the Doyles were ordered to convey title to the Maruszczaks for the price the Doyles had paid for the property.
The Doyles contend that numerous disputed issues of fact exist on the instant record which precluded entry of summary judgment. The Maruszczaks counter that the undisputed record evidence established that Doyle, in the course of the parties’ fiduciary relationship, usurped their opportunity and thus breached his fiduciary duties.
A pivotal issue in this case is whether Doyle possessed a fiduciary relationship with the Maruszczaks. The un-controverted evidence establishes that the Maruszczaks hired Doyle as their agent, and Hernando Beach Reality agreed to deal with them honestly and fairly. When the relationship of principal and agent exists, the ultimate good faith is required in all of the transactions of the agent towards his principal and the agent cannot put himself in a position adverse to that of his principal. Boswell v. Cunningham, 32 Fla. 277, 13 So. 354 (1893). Where the agent, employed to purchase for the principal, purchases for himself, all the profits and advantages gained in the transaction belong to the principal and the agent will be held to have taken the property as trustee for his principal. Id. Application of this case law to the instant facts demonstrates that the trial court correctly concluded that Doyle undertook a fiduciary duty to the Maruszczaks.
However, disputed issues of material fact exist as to whether Doyle breached that fiduciary duty and whether any damages were incurred as the result of any breach. The Maruszczaks claimed Doyle breached his fiduciary duty when he purchased lot 11 without notice to them, since they had informed him that they were interested in acquiring same and instructed Doyle to negotiate its purchase on their behalf. Certainly, if these facts were conclusively established, entry of summary judgment would be proper because Doyle could not, consistent with his status as a fiduciary, take action antagonistic to the interest of his principal. However, Doyle’s affidavit states that the Maruszczaks never told him they wanted to purchase lot 11 and did not want to make a commitment on any property. In addition, Marchant stated that she would not sell the property to’the Maruszczaks. If true, the Maruszc-zaks can establish no damage proximately caused by Doyle’s alleged failure to discuss the possible purchase of lot 11 with them. *310 Although Marchant’s averment that she would not sell the. property to the Ma-ruszczaks under any circumstances or at any price may appear to strain credibility, for purposes of summary judgment, her averments must, be taken as true. See Firestone v. Time, Inc., 231 So.2d 862 (Fla. 4th DCA 1970)(holding that it is not to be concluded that no genuine issue as to any material fact exists solely because the evidence opposing the claimed fact strikes the trial court as being incredible). Due to the existence of these material issues of fact, entry of summary judgment was improper.
With regard to the motion to disqualify, the Doyles argue that the trial court erred in denying the motion, citing to Roy v. Roy, 687 So.2d 956 (Fla. 5th DCA 1997), wherein this court reversed the denial of a disqualification motion which was predicated on the trial court’s reference to the appellant as “Mr. Dead Beat Man of the Year”, before any evidence was presented at the contempt hearing for failure to pay child support. The instant case is easily distinguishable because here the court heard the evidence before making its remarks. In any event, the allegations in this case do not reach the threshold level required for recusal. The instant case is more similar to Strasser v. Yalamanchi, 783 So.2d 1087 (Fla. 4th DCA 2001), wherein the Fourth District found that the trial court’s remarks at the conclusion of a hearing on alleged discovery violations did not require recusal. After noting that a judge’s remarks that he was not impressed with a litigant’s behavior were not, without more, grounds for recusal, the Fourth District concluded that the judge’s comments did not rise to the level of a personal attack on the litigants and were made only after the judge heard the evidence.
AFFIRMED' in part, REVERSED in part, and REMANDED in part.
PETERSON, J., concurs.
COBB, W., Senior Judge, dissents with opinion.