DAVIS, Judge.
B.J. challenges the circuit court order withholding adjudication but finding that she committed the delinquent act of battery on a person over sixty-five. The charge stems from an incident in which B.J. struck Blanche Jennings[1] in the face.
On appeal, B.J.’s counsel filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), raising the following as possible arguable issues: (1) the sufficiency of the evidence, (2) the lawfulness of the disposition, and (3) the propriety of the trial court extensively questioning one of the State’s witnesses. After independently reviewing the record and applicable law, we ordered both the State and B.J.’s counsel to file supplemental briefs on the issue of the trial court questioning the witness. See Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). Having received these supplemental briefs, we conclude that the trial court erred, and we reverse.
At trial, after defense counsel finished cross-examining B.J.’s cousin, who witnessed the incident and was one of only two witnesses presented by the State, the following exchange took place:
THE COURT: Ma’am, you say that [B.J.] hit her aunt, but the question is, did she intentionally strike her aunt or did she hit her when she was flailing, flailing her arms? Do you know the difference between an intentional touch or a strike—
WITNESS: I know the difference between the two. [B.J.] is very aggressive. She’s very manipulative. She’s very dogmatic. And I think personally, she did it purposefully to prove that I am in control and I’m not going to give the control that you want.
THE COURT: What facts do you have to support your opinion that she intentionally struck her aunt as opposed to came in contact with her aunt’s face with her hands.
WITNESS: Because she was in my kitchen washing dishes, and I asked [B.J.] to wash the dishes and her aunt *747 was in my Florida room getting the item out of the bookbag. She left the kitchen, went into the Florida room to get the bag from her aunt.... She was very adamant that she did not want me to see that progress report. And I think she would have went to any extreme to prove that if I don’t want her to see it, she’s not going to.
THE COURT: What direction was [B.J.] looking when her hand came in contact with—
WITNESS: She was looking at her, at her grandmother.
THE COURT: At her grandmother?
WITNESS: Yes, she was.
THE COURT: And in what motion did her hand take?
WITNESS: Directly at her grandmother. They were facing each other.
THE COURT: Face-to-face?
WITNESS: They were facing each other.
At this point, defense counsel objected that the State was required to ask such questions. After overruling the defense objection, the trial court asked the witness to demonstrate what happened using one of the attorneys. Prior to this exchange, the State, upon its own questioning of Walker and Jennings, had only elicited testimony that B.J. struck Jennings during a struggle, or “tussle,” over B.J.’s bookbag. The State, however, had not established B.J.’s intent, a necessary element of battery. See § 784.03, Fla. Stat. (2001).
In pronouncing B.J. guilty of the delinquent act, the trial court stated, “[Bjasically, I decided the case based on the questions I asked that you’ve preserved that [sic] for appeal.” Furthermore, at sentencing four weeks later, the trial court stated:
I remember this case because it was the one that, I guess, I found you guilty in large part based on the questions I asked, and your lawyer is convinced but for my intervention, you probably would have been found not guilty because the assistant state attorney was under the belief that a battery requirement was a (inaudible) act as opposed to an intentional act. I apologize to you, counsel for doing the State Attorney’s job. I really hate to do that, but I did it.
Although a trial court may ask a witness questions to clear up uncertainties, it must not depart from a position of neutrality. J.F. v. State, 718 So.2d 251 (Fla. 4th DCA 1998). Additionally,
[a] trial judge “should never assume the role of prosecuting attorney and lend the weight of his great influence to the side of the government.” Hunter v. United States, 5 Cir., 1932, 62 F.2d 217, 220. In our system of administering justice the functions of the trial judge and the prosecuting attorney are separate and distinct; they must not be confused.
Id. at 252 (quoting Herman v. United States, 289 F.2d 362, 365 (5th Cir.1961)); see also Asbnry v. State, 765 So.2d 965, 966 (Fla. 4th DCA 2000) (“[T]rial court departed from the appearance of neutrality and became an active participant by prompting the State to present evidence and by sua sponte recalling witnesses and asking them questions.”).
Here, the trial court admittedly questioned a State witness on an element of the offense that the State did not prove. But for the answers elicited by the trial court, there would not have been sufficient evidence to establish intent. Accordingly, we reverse.
Reversed.
NORTHCUTT and COVINGTON, JJ., concur.

. It appears from the record that Jennings is B.J.’s great-grandmother, although at times she is referred to as her aunt and her grandmother.