SCHWARTZ, C.J.
(dissenting).
In my opinion, the majority has reached a terrible result. It exemplifies just what seven of us[2] so roundly condemned in Kopel v. Kopel, 832 So.2d 108 (Fla. 3d DCA 2002)(Schwartz, C.J., specially concurring), review denied, 848 So.2d 1154 (Fla.2003):
The appellate attitude that a trial judge may, if sufficiently unobtrusive, be seen, but rarely heard, has- been reflected in several recent decisions which are in denigration of her proper function as an active participant in the search for truth, but cf. Sparks v. State, 740 So.2d 33 (Fla. 1st DCA 1999)(eonvietion reversed because, at bench conference, trial court suggested appropriate means of admitting competent evidence), review denied, 741 So.2d 1137 (Fla.1999); Evans v. State, 831 So.2d 808 (Fla. 4th DCA 2002)(same); Lee v. State, 789 So.2d 1105 (Fla. 4th DCA 2001)(same); Asbury v. State, 765 So.2d 965 (Fla. 4th DCA 2000)(same); Chastine v. Broome, 629 So.2d 293 (Fla. 4th DCA 1993)(same); Copiers Int’l v. All American Business Sys. Inc., 825 So.2d 438 (Fla. 3d DCA 2002)(trial judge disqualified for inquiring why defendant had not been referred to state attorney’s office for prosecution in light of allegations of misconduct), and as the person uniquely charged with controlling the courtroom. But cf. Brown v. State, 678 So.2d 910 (Fla. 4th DCA 1996)(conviction reversed because of admonishment to counsel for impropriety in presence of jury); Peters v. State, 626 So.2d 1048 (Fla. 4th DCA 1993)(reversing contempt conviction for uttering expletive in open court). But cf. also Barnett v. Barnett, 727 So.2d 311 (Fla. 2d DCA 1999)(trial judge disqualified for informing counsel in bench trial after all the evidence that both clients “should attempt to negotiate for more visitation than she would otherwise receive if the trial court made the decision”), review denied, 735 So.2d 1283 (Fla.1999). Indeed, as is perhaps true in this very case, trial judges seem to be forbidden even the right to the expression of ordinary human discourse and banter in the course of performing their duties. See Copiers Int’l, 825 So.2d at 438; Vivas v. Hartford Fire Ins. Co., 789 So.2d 1252 (Fla. 4th DCA 2001); Don King Productions, Inc. v. Chavez, 768 So.2d 538 (Fla. 4th DCA 2000); Begens v. Olschewski, 743 So.2d 133 (Fla. 4th DCA 1999); Roy v. Roy, 687 So.2d 956 (Fla. 5th DCA 1997).
*219 Even more, I am concerned with the growing acceptance of the view that trial judges are there only to referee and, rather than to do justice, to avoid error. See Perriman v. State, 731 So.2d 1243 (Fla.1999)(trial judges should merely recite approved standard jury instructions rather than assist jury in reaching appropriate verdict by directly answering its question). Compare Borden, Inc. v. Young, 479 So.2d 850, 851 (Fla. 3d DCA 1985)(“[I]t is no longer — if it ever was— acceptable for the judiciary to act simply as a fight promoter, who supplies an arena in which parties may fight it out on unseemly terms of their own choosing, and then, on the ground that the loser has asked for what he received, obediently raise the hand of one who emerges victorious.”), review denied, 488 So.2d 832 (Fla.1986) with Murphy v. International Robotics[Robotic] Sys., Inc., 766 So.2d 1010 (Fla.2000); see Murphy, at 1032 (Parienti, J., concurring specially); Telemundo Network, Inc. v. Spanish Television Servs., Inc., 812 So.2d 461 (Fla. 3d DCA 2002)(Sorondo, J., concurring), review dismissed, 831 So.2d 673 (Fla. Case no. SC02-1133, October 22, 2002). The task of the courts is too important, indeed too sacred, to be left to the litigants and their counsel alone. The meaningful participation of the trial judge is indispensable to that process. When the proper time comes, I hope that decisions of this court will make that point clear, [e.s.]
Far from making the “point clear,” the majority has mummified trial judges in our district for, I am afraid, a long time to come.[3]

. Including Judge Levy.

. That no more than rhetoric and conversation was actually involved in the trial court's comments in the course of its duties is demonstrated by contemplating the majority's reaction if, instead of referring portentously to an "alimony drone," the circuit judge had employed a different rhetoric like "a so-called 'alimony drone.’ ” That it meant nothing in terms of the real issue — the fairness of the court — is demonstrated by the fact that the result of the hearing below was an award of a mere $16,000.00 per month in temporary support. Apparently, the petitioner thinks that only prejudice against her could have caused the failure to award her full demand of $28,000.00.