GERSTEN, J.
R.O., a juvenile, appeals from an order withholding adjudication of delinquency and placing him on probation for possession of cocaine. We reverse.
The State filed a petition of delinquency charging R.O. with possession of cocaine, resisting an officer without violence, and carrying a concealed weapon. At trial, the State put on one police officer, who testified about R.O.’s charges. Thereafter, the defense put on R.O., who testified that he did not realize that' the men stopping him were police, and he ran because he was afraid someone was trying to rob him. R.O. testified that he threw his bicycle, and ran for several blocks until he came to a fence. R.O. testified that at this point he heard the officer identify himself and complied with his orders to stop. The defense asked no further questions of R.O.
Following defense counsel’s questioning of R.O., the following transpired:
DEFENSE COUNSEL: No further questions, your Honor.
JUDGE: She asked you about everything else. Did you have cocaine on you?
DEFENSE COUNSEL: Your Honor, I didn’t ask that.
JUDGE: I am asking that, though. Since he is on the stand.
WITNESS: No, I did not have it on me.
JUDGE: Did you have any cocaine on you?
WITNESS: No, I had thrown that out already.
JUDGE: Oh, you had thrown it out. All right.
DEFENSE COUNSEL: Since you opened up that door, your Honor—
JUDGE: Yes, go ahead, you may ask.
DEFENSE COUNSEL: After you ran around the side of the fence, could you see the police officer?
THE WITNESS: No, ma'am.
DEFENSE COUNSEL: At what point did you throw the cocaine away?
WITNESS: I looked back and I didn’t see nobody, so I just—
DEFENSE COUNSEL: What happened next?
PROSECUTOR: For the record, that was a throwing motion that the Defendant just did.
Defense counsel then objected to the court’s question “on the basis that if I had been able to stop at exactly that point, there would have been no grounds for the *126 State to have asked anything with respect to the cocaine possession, because it would have been outside the scope of direct.” The trial judge overruled the objection explaining, “The Court was interested in finding out about that, because that’s another charge, and you didn’t mention anything about it.” After the court questioned R.O., the State commenced cross-examination about R.O. throwing away the cocaine.
The defense rested and argued in closing that there was insufficient evidence that R.O. possessed cocaine because the officer’s testimony was not credible. The trial judge responded, “Well your client admits he threw it by the dumpster, didn’t he?” Thereupon, the trial court found R.O. guilty of possession of cocaine only and not any of the other charges. R.O. appealed.
On appeal, R.O. asserts that the trial court departed from his role of neutrality when questioning him about the cocaine possession. The State contends that the trial court did not abuse its discretion because a trial judge may question a witness in the interest of justice. We agree with R.O.
A court may question witnesses when required by the interests of justice. § 90.615(2), Fla. Stat. (2009). Questioning may be necessary, in the court’s discretion, to ascertain the truth, or to clarify an issue. Poe v. State, 746 So.2d 1211, 1214 (Fla. 5th DCA 1999). A court may not ask questions or make comments in an attempt to supply essential elements to the State’s case. See Sears v. State, 889 So.2d 956, 959 (Fla. 5th DCA 2004). Further, the trial judge’s words or actions “should not lean to the prosecution or defense lest it appear that his neutrality is departing from the center.” Riddle v. State, 755 So.2d 771, 773 (Fla. 4th DCA 2000).
When a judge enters into the proceedings and becomes a participant or advocate, a shadow is cast upon judicial neutrality. See Asbury v. State, 765 So.2d 965, 966 (Fla. 4th DCA 2000). The judicial neutrality becomes much more impaired when the trial court actively seeks out the presentation of additional evidence. 765 So.2d at 966.
Here, the trial court actively sought out and questioned whether R.O. had cocaine. The trial court departed from the appearance of neutrality and became an active participant and advocate in the proceedings. The record clearly shows that defense counsel had finished questioning R.O. when the trial judge sua sponte questioned R.O. to supply essential elements of the prosecution’s case, to wit, the ultimate issue of R.O.’s guilt on the cocaine possession charge. Interestingly, the court did not find R.O. guilty of any other charges apparently because the officer was not particularly credible.
We find that the trial court’s questioning went well beyond general fact finding required by the interests of justice, elucidation of evidence, or mere curiosity. Instead, the trial court went right to the heart of the material element of the State’s case. In so doing, the trial court cannot be considered a neutral arbiter. Rather, the trial court became an advocate for the prosecution, thus depriving R.O. of his right to a fair and impartial trial. Accordingly, we reverse and remand for a new trial before a different trial judge.
Reversed and remanded.
WELLS, J., concurs.