DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RONNIE WILLIAMS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D12-3723

[April 1, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Jeffrey R. Levenson, Judge; L.T. Case No. 06-016838 CF10A.

Carey Haughwout, Public Defender, and Jonathan Dodson, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Allen R. Geesey, Assistant Attorney General, West Palm Beach, for appellee.

CIKLIN, J.

Ronnie Williams challenges the trial judge's order vacating a predecessor judge's order suppressing evidence, eventually leading to his conviction for, among other charges, possession of cocaine. Williams argues that the trial court strayed from its role as a neutral arbiter in sua sponte reconsidering the predecessor judge's suppression order. We must agree and reverse.

In the events leading up to the charges, law enforcement officers approached Williams outside of a market where they were authorized to issue trespass warnings. A detective asked Williams for identification, ran a check for warrants, and found none. The encounter ultimately led to a pat down of Williams. The precise facts beyond that point are in dispute, but the state presented evidence that the detective felt an object in Williams' pocket, at which point Williams took a swing at him and ran. When the officers caught him, Williams was pushed to the ground. The detective looked down and saw a container falling out of Williams' pocket, partially open and with pieces of crack cocaine coming out of his pocket

and onto the ground.  In a search incident to arrest, the detective found another container of crack in Williams' pocket.

Williams moved to suppress evidence of the two containers of crack cocaine.  The predecessor trial judge granted Williams' motion as to the container in Williams' pocket, but denied it as to the container on the ground.  Four years later, Williams was called to trial before a successor judge.  A jury was empanelled, sworn and instructed to report back to court on the following day.

At the beginning of the trial proceedings the next morning, the state informed the court that an issue had arisen with the evidence:  "During storage it appears that the tops of the containers have opened.  Now both containers are open and there's just pieces of crack cocaine throughout the bag.  Obviously [based on the predecessor judge's suppression order] we can only introduce one container and one set of cocaine."  The court inquired into how that would be done without breaking the chain of custody.  In a colloquy between the court and defense counsel—with very little input from the state—the parties discussed a resolution of the issue and the soundness of the predecessor judge's ruling on the motion to suppress.

During this discussion, the court learned Williams was disclaiming possession of *all of the cocaine,* and therefore suggested that Williams did not have standing[1] to challenge the admission of the cocaine, and, without any prompting from the litigants, asked the state if it was moving to reconsider the prior judge's suppression order:

DEFENSE:     My client is saying none of it. In other words, he didn't own any of this cocaine.

. . . .

THE COURT:     Then he has no standing to object to either one if he doesn't own it, if it's not his.

DEFENSE:     But Judge Gold already suppressed the one that was supposedly in his pocket.

---

[1] *See generally Rakas v. Illinois,* 439 U.S. 128, 148 (1978) (holding that petitioners, who asserted neither a property interest nor a possessory interest in property searched or seized, were not entitled to assert a constitutional challenge to the search).

| | |
|---|---|
| THE COURT: | [Directing a question to the state] Are you moving for the Court to reconsider at this time? |
| STATE: | Yes, your Honor. |
| THE COURT: | [Directing a question to defense counsel] What evidence do you have of standing to object to that cocaine? |
| DEFENSE: | The fact that it was suppressed and now it's been commingled. |
| THE COURT: | I am vacating the [predecessor judge's] order of suppression.[2] |

The jury returned a guilty verdict.

"'Every litigant, including the State in criminal cases, is entitled to nothing less than the cold neutrality of an impartial judge.'" *Livingston v. State*, 441 So. 2d 1083, 1086 (Fla. 1983) (quoting *State ex rel. Mickle v. Rowe*, 131 So. 331, 332 (Fla. 1930)). Although "it is permissible for a trial judge to ask questions deemed necessary to clear up uncertainties as to issues in cases that appear to require it," *J.F. v. State*, 718 So. 2d 251, 252 (Fla. 4th DCA 1998), "the trial judge serves as the neutral arbiter in the proceedings and must not enter the fray by giving 'tips' to either side," *Chastine v. Broome*, 629 So. 2d 293, 295 (Fla. 4th DCA 1993).

The evaluation of whether a trial judge has departed from his or her role as neutral arbiter focuses on actions "'from which a litigant may reasonably question a judge's impartiality rather than the judge's perception of his [or her] ability to act fairly and impartially.'" *Id.* at 294 (alteration in original) (quoting *Livingston*, 441 So. 2d at 1086). There is no shortage of authority from Florida courts that have considered this issue and then reversed where the trial court improvidently assisted the state:

> In *Chastine,* this court disqualified a trial judge who passed a note to the prosecutor giving the attorney strategy tips. 629 So. 2d at 295. Similarly, in *J.F.*, this court reversed

---

[2] The trial court solicited testimony from Williams as to the issue of standing, but Williams, through his attorney, declined to testify.

where a trial judge "assumed the role of the prosecutor by directing a witness for the state to obtain additional evidence" and sua sponte continued a hearing pending results of a fingerprint examination. 718 So. 2d at 252. In *Asbury v. State*, 765 So. 2d 965 (Fla. 4th DCA 2000), this court, citing *J.F.* and *Chastine*, determined that a trial court judge became "an active participant by prompting the State to present evidence and by sua sponte recalling witnesses and then asking them questions." 765 So. 2d at 965. *See also Lyles v. State*, 742 So. 2d 842 (Fla. 2d DCA 1999) (finding that the trial court committed fundamental error by sua sponte ordering defendant's fingerprints and bifurcating hearing to allow additional testimony). In *McFadden v. State*, 732 So. 2d 1180, 1183 (Fla. 4th DCA 1999), this court found reversible error where the trial court assisted "an unprepared state attorney" by inviting the state to reopen its case after the defendant had moved to dismiss because there had not been any identification of the defendant and the state had not established that the defendant had been informed of the conditions of probation.

*Lee v. State*, 789 So. 2d 1105, 1106-07 (Fla. 4th DCA 2001) (reversing where judge suggested to prosecutor, after he finished questioning witness, to have witness identify defendant's scars and tattoos on his forearm for the jury).

Here, the state was facing an evidentiary dilemma with what became commingled crack cocaine and its need to somehow separate the previously suppressed evidence from the admissible evidence. When the trial court sought to prompt the state to move for reconsideration of the suppression order, it was reasonable for Williams to question the trial court's neutrality. And given the fact that a jury had been seated and proceedings were underway, the trial court's sua sponte intervention may have derailed Williams' defense strategy. Because the trial court erred in entering the fray, we reverse and remand for a new trial.

In so holding, we do not suggest that a trial judge may never reconsider a predecessor judge's ruling. To the contrary, "[i]t is settled law that while a trial court has jurisdiction of a case, and upon appropriate motion or objection made by either counsel, it has the inherent power to reconsider a previous ruling made on a motion to suppress." *State v. Graham*, 721 So. 2d 361, 362 (Fla. 4th DCA 1998) (citing *Savoie v. State*, 422 So. 2d 308, 312 (Fla. 1982); *Obregon v. State*, 601 So. 2d 616, 616 (Fla. 3d DCA 1992)). It is critical, however, that the

"appropriate motion or objection" originate from one of the parties, lest the trial court torpedo its role as an impartial arbiter.

*Reversed and remanded for a new trial.*

WARNER and GROSS, JJ., concur.

*       *       *

***Not final until disposition of timely filed motion for rehearing.***