LAMBERT, J., concurring and concurring specially, with opinion. I concur with the.majority opinion. The result of this appeal may well have been different if the letters that Jacobs asserts were regularly sent to her by Akin were actually admitted into evidence.[1] Because the letters were not actually ¿dmitted into evidence, there was no competent evidence in the record about the content of.the letters or how they would cause a reasonable person to suffer substantial emotional distress. Moreover, and as pointed out in the majority opinion, there is no actual testimony or evidence from Jacobs or her witness that Jacobs suffered from emotional distress, let alone substantial emotional distress as required by section 784.048(2). Simply put, Jacobs, an unrepresented litigant, failed to meet her evidentiary burden of proving stalking with competent substantial evidence. I write to address a separate issue mentioned briefly by Akin in his appellate brief. Akin contends that the trial court’s “active participation” in the case violated-his right to due process, speculating that the nature of the court’s involvement was possibly due to Akin being represented by counsel and Jacobs being unrepresented. Akin made no further argument in his brief on this issue nor, for that'matter, raised an objection below to what he now contends were the trial court’s improprieties, thus waiving the issue for appellate review. See Johnson v. State, 114 So.3d 1012, 1013-14 (Fla. 5th DCA 2012) (“In order to preserve improprieties of a trial judge for appellate review, an objection must be made contemporaneously with the prejudicial conduct or comments.”). Nevertheless, Akin’s observation bears some mention. Preliminarily, neither Jacobs nor Akin was required to be represented by counsel in this proceeding. See § 784.0485(1)(d), Fla. Stat. (2016) (“[A] cause of action for an injunction [against stalking] does not require a party to be represented by an attorney.”). Moreover, as to unrepresented petitioners, judges are encouraged to assist them in understanding the process of obtaining these type of injunctions and not to employ an unduly rigid approach so as to impede a pro se litigant’s ability to obtain this relief. See In re Eriksson, 36 So.3d 580, 593-94 (Fla. 2010). Here, however, the trial judge did more than simply assist Jacobs in understanding the process of pursuing this injunction. Jacobs was the first witness at the hearing, and the trial judge asked her every question, including many that led to objections being raised by Akin’s counsel. When Jacobs’ only other witness was called to testify, the judge asked every question of this witness. Finally, after Akin’s counsel cross-examined this witness, Jacobs came back on the stand, and the judge again asked her all of the remaining questions, eliciting information that arguably assisted Jacobs in obtaining her injunction. A trial judge serves as a neutral arbiter in proceedings. Chastine v. Broome, 629 So.2d 293, 295 (Fla. 4th DCA 1993). “While it is permissible for a trial judge to ask questions deemed necessary to clear up uncertainties as to issues that appear to require it,” Asbury v. State, 765 So.2d 965, 966 (Fla. 4th DCA 2000) (quoting J.F. v. State, 718 So.2d 251, 252 (Fla. 4th DCA 1998)), the judge “must not enter the fray by giving ‘tips’ to either side.” Id, (quoting Chastine, 629 So.2d at 295). In my view, the trial judge in this case went far beyond simply “clearing' up” issues and instead became an active participant in the proceedings below, thus casting a shadow upon the fairness of the proceeding. And while I am confident that the trial judge had no improper motive and further recognize that the Florida Supreme Court has encouraged trial judges to provide some assistance to pro se litigants to help them understand the process, trial judges should nevertheless be wary of becoming advocates for the pro se party to the detriment of the opposing party who is represented by counsel, thereby placing the represented party in the untenable position of appearing before a trial judge who seemingly helps the pro se litigant prove his or her case. . Jacobs’ petition indicates that Akin was also arrested regarding the allegations in the petition. That criminal prosecution is not affected by our decision in this appeal.