909 So.2d 538 (2005)
STATE of Florida, DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, Petitioner,
v.
Terry R. GRIFFIN, Respondent.
Nos. 4D03-4890, 4D04-933, 4D04-1603, 4D04-1637.
District Court of Appeal of Florida, Fourth District.
August 31, 2005.
*539 Jason Helfant, Miami; Enoch J. Whitney, Charles J. Crist, Jr., Attorney General, Tallahassee; and Charles M. Fahlbusch, Assistant Attorney General, Fort Lauderdale, for petitioner and respondent State of Florida, Department of Highway Safety and Motor Vehicles.
Arthur Marchetta, Jr., Fort Lauderdale, for petitioner Daniel Furmanik.
Gerald J. D'Ambrosio, Boca Raton, for petitioner Wendy Johnson.
Jerome M. Rosenblum of Jerome M. Rosenblum, P.A., Hollywood, for respondent Terry R. Griffin and for petitioner Vincent Ferrovecchio.
James T. Miller, Jacksonville, for Amicus Curiae Florida Association of Criminal Defense Lawyers.

ON MOTION FOR REHEARING
PER CURIAM.
We grant Johnson's motion for rehearing in part, and substitute the following in lieu of our earlier opinion dated June 15, 2005, in order to correct certain scrivener's errors in our earlier decision. The balance of Johnson's motion for rehearing, rehearing en banc, certification, and Griffin's motion for rehearing, etc., are denied.
In these consolidated petitions for writ of certiorari, we are faced with a constitutional question of whether the use of nonlawyers as hearing officers, in formal hearings pursuant to section 322.2615(6), Florida *540 Statutes, violates the due process rights of motorists arrested for driving under the influence (DUI). Before we answer the constitutional question, it is important to understand the procedural history of the four cases now before us.
In each case, a law enforcement officer suspected a motorist of DUI and made an arrest. Pursuant to section 322.2615(1)(a), Florida Statutes, these motorists had their driver's licenses automatically suspended. Each motorist sought formal review before a hearing officer, pursuant to section 322.2615(6), Florida Statutes. The suspensions were upheld in all four cases. On certiorari review to the circuit courts, acting in their appellate capacity, three suspensions were upheld, amidst various challenges, including the instant claim of a constitutional infirmity. In one case, a circuit judge declared, inter alia, that the procedure of using non-lawyers as hearing officers for proceedings under section 322.2615, Florida Statutes, violated due process. The Department sought second-tier certiorari review from this ruling and the other motorists sought second-tier certiorari review of their cases, suggesting a conflict in the circuit courts.
By order, this court consolidated these cases for the sole purpose of resolving the conflict; to wit, determining whether the use of non-lawyers under section 322.2615, Florida Statutes, is unconstitutional. After hearing arguments and reviewing the applicable case law, as to this particular issue, we hereby grant the Department's petition for writ of certiorari in the Griffin case, deny the petitions of the motorists in the related, consolidated cases, and declare that the use of non-lawyers as hearing officers does not violate our State or Federal Constitutions and does not violate due process.
The statutory scheme of section 322.2615(6), Florida Statutes, allows for a motorist to request a formal hearing if the Department suspends the driving privileges after an arrest for a violation of 316.193, Florida Statutes. § 322.2615(1)(a), (6)(a), Fla. Stat. (2003). The Legislature requires a "formal review hearing shall be held before a hearing officer employed by the department," but does not require the hearing officer to be a member of The Florida Bar. § 322.2615(6)(b), Fla. Stat. (2003). Pursuant to section 120.80(8)(a), Florida Statutes, "hearings regarding drivers' licensing pursuant to chapter 322 need not be conducted by an administrative law judge assigned by the division." § 120.80(8)(a)1., Fla. Stat. (2003).
As this is a pure question of law, our review of the circuit court rulings is de novo. See Armstrong v. Harris, 773 So.2d 7, 11 (Fla.2000), cert. denied, 532 U.S. 958, 121 S.Ct. 1487, 149 L.Ed.2d 374 (2001). Yet while our review is conducted de novo, we are mindful of the basic tenet of statutory review that "[t]here is a strong presumption that a statute is constitutionally valid." Brazill v. State, 845 So.2d 282, 287 (Fla. 4th DCA 2003), rev. denied, 876 So.2d 561 (Fla.2004), (citing City of Miami v. McGrath, 824 So.2d 143, 146 (Fla.2002)). As applied to the instant case, we must give a strong presumption that the statutory scheme is constitutionally valid and we review the holdings of the circuit courts de novo in light of this strong presumption.
While our State Constitutional generally requires judges in the circuit and county courts to be members of The Florida Bar, it specifically allows for general law to waive such a requirement. Art. V, § 8, Fla. Const. Additionally, the 1972 amendments specifically allowed non-lawyer county judges to "seek election as county court judges" despite their lack of membership in the bar. Art. V, § 20(d)(7), Fla. Const. Finally, the constitutional amendments prevented non-lawyer judges from *541 ascending to the circuit court bench without attaining membership in the bar for the preceding five years, but made no such requirement for county court judges. Art. V, § 20(d)(8). If the constitution allows for non-lawyers to sit on the county court bench, it surely allows for non-lawyers to sit as hearing officers in driver's license suspension hearings.
The motorists also contend the use of these non-lawyers as hearing officers violates their rights to due process. Our supreme court has defined the elements of due process as notice and an "opportunity to be heard [that is] full and fair, not merely colorable or illusive.... Due process of law means a course of legal proceedings according to those rules and principles which have been established in our system of jurisprudence for the protection and enforcement of private rights." Ryan's Furniture Exchange, Inc. v. McNair, 120 Fla. 109, 162 So. 483, 487 (1935); see Keys Citizens for Responsible Government, Inc. v. Florida Keys Aqueduct Authority, 795 So.2d 940, 948 (Fla.2001) ("Procedural due process requires both fair notice and a real opportunity to be heard.") (citing Department of Law Enforcement v. Real Property, 588 So.2d 957, 960 (Fla.1991)).
Our supreme court has rejected a similar due process claim in relation to the use of non-lawyers as county court judges, in Treiman v. Miner, 343 So.2d 819 (Fla.1977). While the court noted a "judge who is ignorant of the law cannot afford due process to an individual facing imprisonment," the court concluded that it was not necessary that all judges who faced the decision of imprisonment "must necessarily be a member of The Florida Bar." Id. at 823. Again, if there is no due process violation for the use of non-lawyers as county court judges, we can see no similar violation in the use of these same non-lawyers as hearing officers pursuant to chapter 322.
The United States Supreme Court held similarly in Schweiker v. McClure, 456 U.S. 188, 102 S.Ct. 1665, 72 L.Ed.2d 1 (1982). The Court rejected a due process claim by Medicare claimants who complained of the use of non-lawyer hearing officers for Part B benefit hearings. Id. at 198-99, 102 S.Ct. 1665. In denying relief under a due process argument, the Court gave deference to the constitutional validity of the statutory scheme by noting there was no showing that "the procedures prescribed by Congress and the Secretary are not fair or that different or additional procedures would reduce the risk of erroneous deprivation of Part B benefits." Id. at 200, 102 S.Ct. 1665.
In the absence of any record showing that the use of these hearing officers creates an adjudication of rights that is not fair, nor full, we conclude the procedures of chapter 322 are not in violation of due process. Additionally, a review of the State and Federal Constitutions shows no direct conflict with the rights therein contained and the strong presumption of validity has not been overcome by the motorists herein. Therefore, we declare that the procedural scheme employed by the Department of using non-lawyer hearing officers does not run afoul of the state or federal constitutions nor the due process rights of the motorists.
This court also considered the other issues raised in each of the four petitions, and finds that in the Furmanik, Ferrovecchio, and Johnson cases, the circuit court afforded the petitioners due process and applied the correct law, thus the orders of the circuit courts in each of their cases do not depart from the essential requirements of law and we deny their petitions for writs of certiorari in their entirety. See Haines City Comm. Dev. v. Heggs, 658 So.2d 523 *542 (Fla.1995); Broward County v. G.B.V. Int'l, Ltd., 787 So.2d 838 (Fla.2001).
In reviewing the Griffin petition, this court has considered the issue raised by the Department as to whether the circuit court erred in holding that the hearing officer acted as an advocate for the Department and departed from her neutral role as magistrate during the administrative proceeding. Specifically, during the hearing, witness Deputy Zager had been subpoenaed to bring a copy of a registration certificate for the Intoxilyzer machine used to conduct the breath test for Griffin. While on the stand, Deputy Zager indicated that he did not have the certificate with him, and that had provided it to the hearing officer's staff at an earlier date. The hearing officer's review of the file indicated that the certificate was not in the Griffin file. The hearing officer questioned Zager about when and where he provided the certificate, which he alleged was likely to be found in a central "book" maintained by the hearing officer's staff. After apparently determining that the certificate for the Intoxilyzer machine should have been part of the record, the hearing officer informed Griffin and his counsel that she intended to look for the document and have it entered on the record, to which objection and an oral motion for recusal was made. Over objection that she was acting impermissibly as an advocate for the Department, the hearing officer recessed the administrative proceeding for approximately ten minutes to locate the document and returned to enter it into the record, at which time counsel for Griffin was allowed an opportunity to cross-examine Deputy Zager about the certificate. The hearing officer denied the motion for recusal.
The circuit court, upon review of Griffin's petition for writ of certiorari, determined that the hearing officer did act as an advocate for the Department when she stopped the hearing and located the missing document, and quashed the hearing officer's order of suspension, set aside and vacated the suspension of Griffin's license, and directed the Department to expunge the suspension from his driving record. We agree that the hearing officer departed from her neutral role as magistrate when she stopped the hearing, located the registration certificate based upon her questions to Zager regarding its submission, and entered it as evidence during the hearing. See Chastine v. Broome, 629 So.2d 293 (Fla. 4th DCA 1993) (judge was advocating for the state when he passed a note to the prosecutor giving the attorney strategy tips); McFadden v. State, 732 So.2d 1180 (Fla. 4th DCA 1999)(judge departed from neutral role when he invited the state to cure the defects in its case by revising its complaint to meet the elements of the violation and was actively examining witnesses).
In J.F. v. State, 718 So.2d 251 (Fla. 4th DCA 1998), this court considered a trial judge's actions in continuing a proceeding sua sponte and directing the state to obtain additional evidence, and "concluded that when a judge becomes a participant in judicial proceedings, `a shadow is cast upon judicial neutrality....' This neutrality is that much more impaired when the trial court actively seeks out the presentation of additional evidence in a case." (quoting Chastine, 629 So.2d at 295). This hearing officer was affording the Department an opportunity to correct a defect in the record evidence of her own accord, and thus acted impermissibly as an advocate for the Department.
The hearing officer's actions in this case demonstrated a departure from her neutral role as magistrate, and we hold that the circuit court correctly determined that Griffin's due process rights were violated. *543 See Love v. State, 569 So.2d 807 (Fla. 1st DCA 1990)(judge must leave the impression of impartiality upon all who appear before the court). A litigant is entitled to have confidence that the hearing officer before whom he or she appears is acting impartially as a fact-finder. See Ducre v. State, 768 So.2d 1159 (Fla. 2d DCA 2000). While we see no constitutional infirmity in non-lawyers serving as hearing officers under section 322.2615, we do strongly caution those hearing officers that they must take extraordinary care to be as impartial and neutral as the members of the judiciary are required to be.
We do not address the Department's argument to this court that, even if an evidentiary error was made in the administrative hearing in allowing the certificate to be submitted as evidence by the hearing officer, the proper remedy was for the circuit court to remand for further proceedings. See Lillyman v. Dep't of Highway Safety and Motor Vehicles, 645 So.2d 113 (Fla. 5th DCA 1994). The Department failed to raise this argument in the proceeding below and, thus, has not preserved it for appellate review. Department of Highway Safety and Motor Vehicles v. Pitts, 815 So.2d 738 (Fla. 1st DCA 2002)(citing Sun Ray Homes, Inc. v. County of Dade, 166 So.2d 827 (Fla. 3d DCA 1964)). We thus deny the Department's petition for certiorari in Griffin as to the issue of the hearing officer departing from her neutral role.
Our denial of the Department's petition for writ of certiorari as to the hearing officer's neutrality means that the circuit court's decision to quash the hearing officer's order of suspension and to order the reinstatement of his driving privileges remains in effect, and essentially renders moot the other errors asserted by the Department (including the previously discussed error by the circuit court in holding that the use of non-lawyer hearing officers is unconstitutional). While we find merit in all of the remaining issues raised by the Department,[1] we decline to address them any further, as they would not ultimately lead to a different result in Griffin's case due to our holding that the hearing officer impermissibly acted as an advocate and should have been recused.
Certiorari denied as to all four of the petitions.
GROSS and HAZOURI, JJ., concur.
POLEN, J., concurs specially with opinion.
POLEN, J., concurring specially.
Although I agree with the majority's opinion, I write separately to address Judge Ramirez's special concurrence in Wolok v. Mellon, 1 Fla. L. Weekly Supp. 204a (Fla. 11th Cir.Ct.1992). Judge Ramirez's critique of the statutory procedures of section 322.2615 is well taken and provides thought-provoking ideas on how this procedure could be improved. However, it is not for the judiciary to make alterations to duly enacted statutory *544 schemes in the absence of a finding of a constitutional infirmity. See State ex rel. Lee v. Buchanan, 191 So.2d 33 (Fla.1966)(noting courts "not at liberty to supply the deficiencies or undertake to make the statutes definite and certain," instead the courts will determine whether the statute is constitutionally infirm and declare it so when appropriate); Campbell v. Kessler, 848 So.2d 369 (Fla. 4th DCA 2003)(nothing courts are restricted to interpreting and constructing statutes, not in rewriting legislative language). If there is indeed a better way to proceed, as Judge Ramirez has suggested, it is for the Legislature to make the changes, not this court. See Overstreet v. State, 629 So.2d 125, 126 (Fla.1993) (noting that if the "legislature did not intend the results mandated by the statute's plain language, then the appropriate remedy is for [the legislature] to amend the statute," not the courts); St. Petersburg Bank & Trust Co. v. Hamm, 414 So.2d 1071, 1073 (Fla.1982) ("even where a court is convinced that the legislature really meant and intended something not expressed in the phraseology of the act, it will not deem itself authorized to depart from the plain meaning of the language which is free from ambiguity.")(quoting Van Pelt v. Hilliard, 75 Fla. 792, 78 So. 693 (1918)).
NOTES
[1] The other errors asserted by the Department were (1) that the circuit court erred in finding no reasonable suspicion of a traffic violation and/or DUI when Griffin's vehicle was observed idling at an open railroad crossing on a major roadway and forcing other drivers to go around him, (2) that the circuit court erred in finding that the no-stay provision of section 322.28(5), Florida Statutes, which precludes a circuit court from staying a driver's license suspension while certiorari review was being sought was unconstitutional, and (3) that the circuit court erred in finding Griffin's license suspension invalid for failure to read the entire implied consent warning in section 316.1932, Florida Statutes, when Griffin agreed to take the breathalyzer test, obviating the need for the warnings for a failure to comply with the test.