984 So.2d 556 (2008)
Timothy JONES, Petitioner,
v.
FLORIDA KEYS COMMUNITY COLLEGE, Respondent.
No. 3D08-804.
District Court of Appeal of Florida, Third District.
May 14, 2008.
Rehearing and Rehearing Denied July 3, 2008.
*557 Samuel J. Kaufman, for petitioner.
Allen, Norton & Blue, P.A., and Robert L. Norton, Coral Gables, for respondent.
Before GERSTEN, C.J., and COPE and LAGOA, JJ.
Rehearing and Rehearing En Banc Denied July 3, 2008.
COPE, J.
Timothy Jones has filed a petition for writ of prohibition in which he seeks to disqualify the hearing officer assigned to hear the administrative appeal of his termination of employment by Florida Keys Community College. We conclude that the petition is well taken and that the hearing officer should have disqualified herself.
Mr. Jones was a six-year faculty member of the Community College. On January 28, 2008 the Board of Trustees of the Community College voted to terminate Jones. He filed an administrative appeal and requested an administrative hearing.
The Community College appointed Ms. Carey Goodman to serve as the hearing officer and conduct the administrative hearing. Mr. Jones moved to disqualify her, stating that Ms. Goodman is a member of the Community College Board of Trustees and that she had voted in favor of Jones' termination at the January 28, 2008 meeting. Ms. Goodman denied the motion for disqualification and Mr. Jones filed his petition for writ of prohibition with this court.
The Community College says that for purposes of the termination action, the Board of Trustees is the agency head of the Community College. The Community College states that under the Florida Administrative Procedure Act, the Community College has the option of designating a member of the agency headin this case, the Board of Trusteesto be the hearing officer. See § 120.57(1)(a), Fla. Stat. (2007). The Community College says that it exercised this option and designated Ms. Goodman to be the hearing officer.
The fact that the Community College has the authority to appoint a trustee to be the hearing officer does not immunize the hearing officer from a disqualification challenge.
"A litigant is entitled to have confidence that the hearing officer before whom he or she appears is acting impartially as a fact-finder." State Dep't of Highway Safety & Motor Vehicles v. Griffin, 909 So.2d 538, 543 (Fla. 4th DCA 2005); Ducre v. State, 768 So.2d 1159 (Fla. 2d DCA 2000).
As the First District has said in the context of an agency head disqualification, "The question presented is whether the facts alleged would prompt a reasonably prudent person to fear that they will not obtain a fair and impartial hearing." Charlotte County v. IMC-Phosphates Co., 824 So.2d 298, 300 (Fla. 1st DCA 2002). "It is not a question of how the judge actually feels, but what feeling resides in the movant's mind and the basis for such feeling." Id.
In this case Ms. Goodman, a member of the Board of Trustees, voted to terminate Mr. Jones' employment. She has now been designated to be the hearing officer to conduct an administrative trial of Mr. Jones' case. The circumstances would prompt a reasonably prudent person to fear that he will not obtain a fair and impartial hearing. The legal standard was met. Ms. Goodman is disqualified from serving as the hearing officer. As the Fifth District said in a similar case, "we strongly recommend that the agenc[y] request an independent hearing officer from *558 the Division of Administrative Hearings." World Transp., Inc. v. Cent. Fla. Reg'l Transp., 641 So.2d 913, 914 (Fla. 5th DCA 1994).
The Community College relies on such cases as Bay Bank & Trust Co. v. Lewis, 634 So.2d 672 (Fla. 1st DCA 1994), Lash, Inc. v. Department of Business Regulation, 411 So.2d 276 (Fla. 3d DCA 1982), and Meyer v. Department of Business Regulation, 402 So.2d 527 (Fla. 3d DCA 1981). The decisions in Bay Bank and Lash are not on point. In those cases the administrative hearing had been conducted by a hearing officer from the Division of Administrative Hearings. The motion for disqualification was not directed to the hearing officer but instead was directed to the agency head. A hearing officer and an agency head perform different roles. See Charlotte County, 824 So.2d at 301. The Meyer case is factually dissimilar and does not involve the issue now before us.
Petition granted.