WARNER, J.
 

 In this appeal of multiple convictions for uttering a forged instrument, possession of
 
 *873
 
 a counterfeit payment instrument, third-degree grand theft, and organized fraud, appellant claims that the trial court erred and departed from its position of neutrality when, in instructing the jury, it identified which state exhibit applied to each count of the information. He also contends that he was entitled to a judgment of acquittal on several of the counts, because no one testified to his possession of the counterfeit checks. We affirm on both issues.
 

 The state presented evidence that appellant Smith was the mastermind behind a scheme involving the creation and cashing of counterfeit checks. Among those who testified were Smith’s codefendants, Tina Partlow and Jennifer Ford. Partlow testified that Smith hired her to open bank accounts and cash checks. She admitted to signing and cashing nine counterfeit checks. Smith provided her with some of the checks she cashed at Cash Plus. Ford also provided her with a few checks. She was not sure which checks she received from whom.
 

 Ford testified that she put the names that Smith provided her on the checks for him. Using a computer, they printed a name on a piece of paper, put the check on top of it while matching the name with the line on the check, and ran the check through the printer. At Smith’s request, she also cashed three checks, transported people to cash checks, and brought checks to other people.
 

 Parag Patel, a manager at A & M Discount Beverage, testified that Ford and another codefendant each cashed two checks which later came back as counterfeit. Smith came into the store within an hour after Ford left and tried to cash the same type of check. Patel saw Ford waiting in the car.
 

 Defense counsel moved for a judgment of acquittal as to several counts of possession of a counterfeit payment instrument and uttering a forged instrument on the ground that Partlow was not sure which checks were given to her by Smith and which were given to her by Ford. The state argued that under the principal theory, Smith provided the checks to Ford who then passed them on to Partlow. Finding sufficient evidence in the record to establish a prima facie case, the court denied the motion.
 

 During the charge conference, the court decided that it would list the state’s exhibit number which applied to each count in brackets after each count. For example, count 1 would read: “Count 1: [allegation regarding state’s exhibit 53]” and then list the elements the state must prove. The court reasoned that the jury needed to know which exhibit it would be examining for each particular count. Otherwise it would be very time-consuming for the jury to sort out which of the approximately fifty exhibits involving checks corresponded with each count. Defense counsel objected and argued that it was for the jury to decide whether an exhibit matched a count. The court would be helping the jury by providing it with an itemized list. The court noted the objection, but found nothing inappropriate in tying a count to an exhibit. The state then told the court which exhibits corresponded with which counts.
 

 The jury found Smith guilty of all counts as charged. The court imposed a twenty-year total sentence for all charges, some of the sentences on individual charges running consecutively. This appeal follows.
 

 Smith argues that the trial court erred by instructing the jury which state’s exhibit corresponded to each count in the information, because in doing so the judge departed from his role as a neutral and detached magistrate and assisted the state
 
 *874
 
 in its presentation of its case. The state maintains that the trial court did not depart from its position of neutrality when it clarified evidence for the jury. The court was concerned with the smooth proceeding of the jury deliberation, not with whether one party might gain a tactical advantage over another party.
 

 To support his position Smith relies on cases where the trial court essentially acted as a prosecutor. For instance, in
 
 McFadden v. State,
 
 732 So.2d 1180 (Fla. 4th DCA 1999), the judge assisted “an unprepared state attorney” by encouraging the state to reopen its case to cure omissions, questioning and cross-examining the probation officer and the defendant to establish elements essential to the violation of probation, sua sponte ordering a fingerprint comparison, suggesting that the probation officer file a corrected warrant, and encouraging the state to amend the affidavit to reinstate charges that had previously been dismissed. In
 
 Edwards v. State,
 
 807 So.2d 762 (Fla. 2d DCA 2002), the trial court conducted all of the questioning of the state’s witnesses. In
 
 Lyles v. State,
 
 742 So.2d 842 (Fla. 2d DCA 1999), the trial court sua sponte ordered the defendant to submit to fingerprinting and bifurcated the hearing to allow additional testimony. In
 
 Department of Highway Safety & Motor Vehicles v. Griffin,
 
 909 So.2d 538 (Fla. 4th DCA 2005), this court found that the hearing officer departed from her neutral role as magistrate when she stopped the hearing to locate the registration certificate for the machine used to conduct a breath test on the defendant and then entered the certificate into evidence.
 

 In all of the foregoing cases, the trial court assisted the state in presenting its prima facie case. The court ensured that the prosecutor presented evidence properly or actually secured additional evidence in order to complete the state’s case. Here, however, the trial court did not assist in presenting the case. Instead, the trial court sua sponte determined that it would reduce juror confusion and time to associate each charge with the exhibit the state introduced to prove that charge. The court did not determine itself which document supported each charge. It asked the prosecutor to supply that information. The court did not depart from a position of neutrality. It commendably acted to assist the jury in its deliberations.
 

 As to Smith’s judgment of acquittal on several of the charges, we also affirm. The state presented evidence that Smith was the principal in all of the transactions. Although some of the checks and instruments were given to Partlow by Ford, Ford testified that she acted at Smith’s request or direction. The state presented sufficient evidence to withstand a motion for judgment of acquittal.
 

 Ajfmned.
 

 POLEN, J„ and KAPLAN, MICHAEL G., Associate Judge, concur.