722 So.2d 247 (1998)
SHORE MARINER CONDOMINIUM ASSOCIATION, INC., a Florida not-for-profit condominium association, Petitioner,
v.
Nashaat ANTONIOUS and Soheir Antonious, his wife, Respondents.
No. 98-03546.
District Court of Appeal of Florida, Second District.
December 9, 1998.
*248 Richard A. Zacur of Zacur & Graham, P.A., St. Petersburg, for Petitioner.
Brian P. Battaglia of Battaglia, Ross, Dicus & Wein, P.A., St. Petersburg, for Respondents.
PER CURIAM.
In its petition for writ of prohibition, Shore Mariner Condominium Association, Inc. (Shore) challenges the trial court's denial of its motion to disqualify the sitting judge. We hold that the trial court interjected itself into the litigation improperly by suggesting an additional defense to the civil defendant and grant the relief requested.
For the most part, the claims advanced by Shore in its shotgun attack on the trial judge are legally insufficient. The litigation centers around the access the defendants (Antonious) require for a motor vehicle to reach a newly-constructed garage for their home which apparently violates the terms of a pedestrian easement owned by Shore. The trial judge suggested to the parties that they consider settling this dispute by arranging for Antonious to purchase a right-of-way, because if the matter proceeded to judgment, he cautioned, no such compromise was possible and there would be a "clear winner and loser." Antonious points out that Shore's sense of outrage about the trial judge's suggestion for settlement is misplaced. For one, Florida Rule of Civil Procedure 1.200(a)(7) itself contemplates discussions between civil parties and the trial court about compromise settlements; additionally, most challenges, whether contested over the permitted uses of an easement or the distance of a footrace, are concluded by declaring an outright winner. We find nothing disturbing or inappropriate about the way the trial judge attempted to encourage a resolution of this dispute.
As well, Shore takes exception to comments the judge made about the impact a judgment for Shore would have on Antonious. At the time, the judge had heard two days of testimony, over a period of months, and these musings were nothing more than impressions of the case which the trial judge had formed during the presentation of evidence, which case law properly recognizes is an inevitable by-product of human decisionmaking. See Brown v. Pate, 577 So.2d 645 (Fla. 1st DCA 1991); Mobil v. Trask, 463 So.2d 389 (Fla. 1st DCA 1985).
Shore alleges in its affidavits in support of its motion to disqualify the trial court that the judge instructed Antonious to amend his pleadings to include defenses associated with necessity. It is unrefuted that shortly after these comments were purportedly made, and at a time well after the trial had been under way, Antonious moved successfully to amend his pleadings to include these defenses. We hold that this allegation is legally sufficient, and that the trial judge should have granted the motion. Trial judges must studiously avoid the appearance of favoring one party in a lawsuit, and suggesting to counsel or a party how to proceed strategically constitutes a breach of this principle. See Chastine v. Broome, 629 So.2d 293 (Fla. 4th DCA 1993) (holding that a trial judge's provision of strategic advice to a party during a trial demonstrated impermissible bias); see also J.F. v. State, 718 So.2d 251 (Fla. 4th DCA 1998) (disapproving a trial judge who assisted with a delinquency prosecution by requesting the production of additional State's evidence).
Petition for writ of prohibition granted.
THREADGILL, A.C.J., and QUINCE and WHATLEY, JJ., Concur.