763 So.2d 552 (2000)
Joseph B. CAMMARATA and Judith A. Cammarata, Petitioners,
v.
Anna Marie JONES, as Trustee of the Michael F. Cammarata and Jennie M. Cammarata Living Trust, Respondent.
No. 4D00-1543.
District Court of Appeal of Florida, Fourth District.
August 2, 2000.
James B. Boone, Sunrise, for petitioner.
William R. Black of William R. Black, P.A., Fort Lauderdale, for respondent.
PER CURIAM.
During a hearing on the Respondent's motion for leave to amend complaint, the trial court denied the Respondent's motion, but suggested the following:
[W]hy don't we talk about the possibility of conformingof a motion to, or entertaining a motion to conform the pleadings to the evidence and see if you can do it that way, because it's too late now to add an indispensable party and amend your pleadings a month before trial.
. . .
Well, the second thing you can do, you can take a voluntary dismissal and refile because it's always dismissed without prejudice. The third thing is you can move to conform the pleadings with regard to a piercing of the corporate veil situation.
The Petitioners' counsel objected to the suggestions on the ground that it was improper for the judge to offer advice to opposing counsel. Ten days later, the Cammaratas filed their verified motion for disqualification, alleging that the judge's advice to opposing counsel demonstrated bias leading them to believe they would not get a fair trial. The motion to disqualify was denied, and this petition for writ or prohibition followed.
With regard to the legal sufficiency of the motion for disqualification, Hayslip v. Douglas, 400 So.2d 553, 555-56 (Fla. 4th DCA 1981) and Fischer [v. Knuck], 497 So.2d [240] at 242 [(Fla.1986)], establish that the standard is whether the party has a "well-founded fear" of prejudice on the part of the trial judge.
Michaud-Berger v. Hurley, 607 So.2d 441, 446 (Fla. 4th DCA 1992). Although the *553 trial judge in this case is known to be an extremely fair and impartial jurist and we have no doubt the Petitioners would receive a fair trial from her, the law requires us to consider this petition from the Cammaratas' perspective. See id. (stating, "We wish to make it clear that we have the utmost confidence in Judge Hurley's commitment to be fair and impartial and we have no doubt that petitioner would receive a fair trial from him. However, the law requires us to consider this petition from petitioner's perspective.").
The judge in this case erred in suggesting to the Respondent's counsel alternatives on how to proceed strategically. See Crescent Heights XLVI, Inc. v. Sea-Air Towers Condo. Ass'n, 729 So.2d 420 (Fla. 4th DCA 1999); Shore Mariner Condo. Ass'n v. Antonious, 722 So.2d 247 (Fla. 2d DCA 1998). "Obviously, the trial judge serves as the neutral arbiter in the proceedings and must not enter the fray by giving `tips' to either side." Chastine v. Broome, 629 So.2d 293, 295 (Fla. 4th DCA 1993). Thus, we conclude the trial judge's suggestions to the Respondent's counsel caused the Petitioners to have a well-founded fear that they would not receive a fair trial. We grant the petition, but withhold issuance of the writ since we are confident that the trial judge will act in a manner consistent with this opinion.
PETITION GRANTED.
GUNTHER and POLEN, JJ., concur. STONE, J., dissents with opinion.
STONE, J., dissenting.
I would deny the petition. In my judgment, neither the trial court's comments to Respondent's counsel, nor the case law, mandate that the trial court grant Petitioners' motion to disqualify.
The context for the court's comments was a hearing, held one month before trial, on Respondent's motion to add a new party defendant. The trial court's ruling on the motion was adverse to Respondent from the beginning of the hearing. However, in the course of the hearing, the court, while explaining to Respondent why it would not grant leave to amend at that late date, recognized that Respondent still had some options; such as, seeking to amend to conform to the evidence at trial, or entering a voluntary dismissal and refiling. In the course of the discussion, the court qualified its comments indicating that it was not necessarily favorably disposed to the first option, and acknowledged that reliance on that possibility would be risky. The other alternative did not require court approval. In response to Petitioners' objection that the court was giving advice to opposing counsel, the trial court responded, "I don't know, I'm just giving him his options. I have no idea what I'll do or what I'll determine."
I would deem the authorities cited by the majority distinguishable. In Crescent Heights, the trial court, in its written order granting a temporary injunction to the plaintiff, directed the plaintiff to amend to add a count on an additional cause of action. In Shore Mariner, the trial court was seen as unfairly assisting one side by instructing the defendant to amend its answer to include certain defenses, the obvious indication being that leave would then be granted (which subsequently turned out to be the case). However, the opinions in Crescent Heights and Shore Mariner do not disclose the context in which the suggestions were made. Here, the entire thrust of the court's discussion with counsel was in response to counsel's argument, and explained where the court's adverse ruling left them. In Chastine, a first-degree murder case, the written suggestion to the prosecutor was conveyed exparte and essentially gave advice to the prosecutor, to the advantage of the state, against further cross-examination of the witness. The court was not only concerned with the content of the note, but the context in which the incident occurred. In any event, to the extent that decisions are be deemed indistinguishable from this *554 case, I would either note conflict or recede in part to acknowledge such distinctions.
I cannot conclude on this record that Petitioners have a rational basis for concluding that they would not receive a fair trial by this judge.