# First District Court of Appeal
## State of Florida

_____

No. 1D17-894

_____

PETER MAROCCO,

    Appellant/Cross-Appellee,

    v.

RUSSELL BRABEC, ROSE MARIE
BRABEC, and DESIGN & MORE,
INC., a Florida corporation,

    Appellees/Cross-Appellants.

_____


On appeal from the Circuit Court for Leon County.
Karen Gievers, Judge.


April 5, 2019


WETHERELL, J.

This case arose out of a dispute over interior design and construction work performed by Appellees on Appellant Peter Marocco's properties in 2008. The litigation in the trial court, which spanned more than eight years (and four circuit judges), was acrimonious and took many twists and turns,[1] most of which have

---

[1] For example, in case number 1D13-3314, we *per curiam* affirmed the dismissal of a suit filed by Marocco against Appellees' attorney related to the attorney's representation of Appellees in

no bearing on the issues in this appeal and cross-appeal. Thus, what follows is only a brief overview of the facts and the proceedings in the trial court.

## Factual and Procedural Background

In July 2008, while in the process of remodeling his two properties in Tallahassee, Marocco went overseas for his employment. His neighbors, Russell and Rose Marie Brabec, offered to act as liaisons for Marocco with the contractors and laborers doing the remodeling work to ensure that the work was completed while Marocco was away. However, upon his return home, Marocco discovered that the Brabecs and their interior design firm, Design & More, Inc. (collectively, "Appellees"), had performed—and billed him for—significantly more work on the properties than he had authorized.

Thereafter, Marocco sued Appellees for damages, claiming that they breached their fiduciary duty to him, exceeded the authorized scope of work, acted negligently, and slandered his title by recording fraudulent liens. The damages sought by Marocco included the wages he allegedly lost because the liens recorded by Appellees on his properties adversely affected his top secret security clearance,[2] which in turn, cost him lucrative jobs with government contractors working on classified projects.

Appellees responded that all of the work they performed on Marocco's properties was done with his consent, and they filed compulsory counterclaims for breach of contract, unjust enrichment, and lien foreclosure through which they sought to recover payment for their work. They also filed a permissive

---

this case. *See Marocco v. Dunlap*, 2014 WL 2809093 (Fla. 1st DCA June 23, 2014).

[2] Marocco had a SCI (sensitive compartmented information) top secret security clearance which, according to the security expert who testified at trial, is the highest security clearance level and gave Marocco access to classified information that was only accessible on a "need-to-know basis."

counterclaim alleging that Marocco committed fraud during the litigation in order to get a prior judge off the case,[3] but the trial court severed that counterclaim from the remaining claims shortly before trial and dismissed it "with leave to amend with the requisite specificity."

After a week-long trial, the jury found in favor of Marocco on his claims for breach of fiduciary duty, negligence, and slander of title. The jury also found in favor of Marocco on Appellees' lien foreclosure and breach of contract counterclaims, but the jury found in favor of Design & More on its counterclaim for unjust enrichment. The jury awarded Marocco a total of $511,625 on his claims and awarded Design & More $2,505.95 on its counterclaim.

The award to Marocco was comprised of $1,125 in damages on his breach of fiduciary duty and negligence claims against Mr. Brabec and $510,500 in damages (for his lost wages) on his slander of title claim against Design & More. No damages were awarded against Mrs. Brabec.

After the trial, and without a motion from Appellees,[4] the trial court entered what amounts to a *sua sponte* judgment notwithstanding the verdict (JNOV) on Marocco's claim for lost wages based on the court's determination that (1) the lost wages

---

[3] Specifically, Appellees alleged that Marocco conspired with a third-party to dupe them into hiring the prior judge's wife, who was an artist, to consult with them on what turned out to be a sham project in order to give Marocco grounds for a motion to disqualify the prior judge.

[4] Appellees pointed out at oral argument that they did not have a chance to file a post-verdict motion because less than a week after the trial ended, the judge convened a hearing at which she announced her decision not to include the lost wages awarded by the jury in the final judgment. Although Marocco was given an opportunity to present argument (or, as the judge called it, "statements for the record") after the judge announced her ruling, the post-trial procedure followed by the judge in this case was unorthodox, at best.

claim was barred by the sword and shield doctrine[5] and (2) Marocco's lost wages were not proximately caused[6] by Appellees' wrongdoing and instead "were the direct result of his own decision . . . to keep litigating" after the case had conditionally settled. The trial court entered final judgment in accordance with the remainder of the jury verdict, awarding $1,125 to Marocco and $2,505.95 to Design & More. The trial court declined to award attorney's fees to either party.

This appeal and cross appeal followed.

### Analysis

Marocco raises seven issues on appeal: (1) the trial court erred in *sua sponte* raising the sword and shield doctrine and striking the jury award for lost wages; (2) the trial court erred in striking the jury award for lost wages based on a lack of proximate cause; (3) the trial court erred in relying on section 713.28, Florida Statutes, to strike the lost wages award; (4) the trial court erred in denying attorney's fees and costs to which a predecessor judge had previously awarded entitlement; (5) the trial court erred in denying attorney's fees and costs to Marocco pursuant to section 713.29, Florida Statutes; (6) the trial court erred in denying attorney's fees and costs to Marocco pursuant to section 713.31, Florida Statutes; and (7) the trial court erred in denying Marocco's

---

[5] "[T]he 'sword and shield' metaphor . . . embraces the rule 'that a plaintiff may not seek affirmative relief in a civil action and then invoke the Fifth Amendment to avoid giving discovery in matters pertinent to the litigation.'" *DeLisi v. Bankers Ins. Co.*, 436 So. 2d 1099, 1100 (Fla. 4th DCA 1983) (quoting *City of St. Petersburg v. Houghton,* 362 So.2d 681, 685 (Fla. 2d DCA 1978)).

[6] Although the final judgment also described the lost wages as "far beyond the edge of the *Palsgraf [v. Long Island Railroad Co.*, 162 N.E. 99 (N.Y. 1928)] zone of reasonable foreseeability," it is clear from the judgment as a whole that the lost wages were stricken based on the trial judge's determination that they were not *proximately caused* by the liens, not because lost wages are not recoverable *as a matter of law* in this context.

4

motion for summary judgment on Appellees' counterclaim for unjust enrichment. On cross-appeal, Appellees raise only one issue: the trial court erred in dismissing their fraud counterclaim.

We affirm issues 4 and 7 without discussion, and we affirm issue 3 because, as Appellees correctly point out in their answer brief, the trial court did not rely on section 713.28, Florida Statutes, to strike the lost wages award. We dismiss the cross-appeal for lack of jurisdiction because an order dismissing a permissive counterclaim with leave to amend is a non-appealable nonfinal order, *see Minty v. Meister Financialgroup, Inc.*, 97 So. 3d 926, 932 (Fla. 4th DCA 2012), and we reverse issues 1, 2, 5, and 6 for the reasons that follow.

On issue 1, we agree with Marocco that the trial court erred in raising the sword and shield doctrine *sua sponte*. The trial court's role is to *adjudicate* the case by ruling on the issues raised *by* the parties, not to *litigate* the case by raising issues *for* the parties. *See, e.g.*, *Shore Mariner Condo. Ass'n v. Antonious*, 722 So. 2d 247, 248 (Fla. 2d DCA 1998) ("Trial judges must studiously avoid the appearance of favoring one party in a lawsuit, and suggesting to counsel or a party how to proceed strategically constitutes a breach of this principle."); *Chastine v. Broome*, 629 So. 2d 293, 295 (Fla. 4th DCA 1993) ("Obviously, the trial judge serves as the neutral arbiter in the proceedings and must not enter the fray by giving 'tips' to either side."). Here, the record reflects that the sword and shield doctrine had not been raised in this case until the trial judge interjected it at a pretrial conference three weeks before the trial was set to begin.[7] We recognize that Appellees subsequently raised the doctrine in their motions for directed verdict at trial, but that was only after the trial judge foreshadowed her post-trial ruling at another pretrial conference by expressing her unsolicited opinion that there had been a "major violation of [the sword and shield doctrine] in this case."

---

[7] At the pretrial conference where the trial judge first raised the sword and shield doctrine, she candidly acknowledged that "I don't have any motion [on the issue] in front of me at this point."

We also agree with Marocco that the trial court erred in applying the sword and shield doctrine in this case because, contrary to the finding in the final judgment that Marocco "block[ed] discovery" pertinent to his lost wages claim, the record shows that Marocco did not shield himself from the discovery of information relevant to that claim. Although early in the case Marocco did seek a protective order for all information related to his employment, no order was ever entered, and Appellees were ultimately able to depose Marocco and obtain relevant financial documents prior to trial. Although the disclosures and deposition occurred shortly before trial and well after the discovery cut-off, Appellees did not seek a continuance of the trial to obtain additional discovery or prepare for trial, and the trial court did not find that Appellees were prejudiced by the late discovery.[8] Under these circumstances, it was an abuse of discretion for the trial court to strike the lost wages claim post-trial. *Cf. Binger v. King Pest Control*, 401 So. 2d 1310, 1313-14 (Fla. 1981) (explaining that the trial court has discretion to exclude evidence that is not timely disclosed during discovery *if* the resulting prejudice to the opposing party cannot otherwise be cured); *Village Inn Restaurant v. Aridi*, 543 So. 2d 778, 782 (Fla. 1st DCA 1989) (explaining that sanctions short of dismissal may be imposed under the sword and shield doctrine).

On issue 2, we agree with Marocco that the trial court erred in setting aside the jury's determination that Marocco's lost wages were proximately caused by Appellees' actions. Evidence was presented at trial from which the jury could—and apparently did—find that Marocco's lost wages were caused by the liens recorded by Appellees. Specifically, the jury heard evidence that Marocco informed Mr. Brabec several months before Appellees filed their liens that liens recorded in the public record would adversely impact his employment.[9] Moreover, the court's post-trial ruling

---

[8] We have not overlooked the finding in the final judgment that the financial discovery provided by Marocco was essentially too little, too late, but the record simply does not support that characterization.

[9] Appellees argued that they could not have possibly known the *extent* of the impact because Marocco did not disclose the

6

was not based on a consideration of the evidence presented to the jury, but rather on the court's opinion—informed by "the court's knowledge of the rest of the picture"—that Marocco's lost wages were solely caused by his failure to settle the case. If it is improper for a trial court to reweigh the evidence presented to the jury when ruling on a post-trial motion for JNOV—and it is, *see New Jerusalem Church of God, Inc. v. Sneads Community Church, Inc.*, 147 So. 3d 25 (Fla. 1st DCA 2013), it is equally, if not more, inappropriate for the court to grant a JNOV *sua sponte* based on information that was not presented to the jury.

Based on the foregoing, we reverse the JNOV granted by the trial court with respect to Marocco's lost wages and remand for entry of an amended final judgment in accordance with the jury verdict on that issue.

On issue 5, we disagree with Marocco's argument that he was entitled to an award of attorney's fees under section 713.29, Florida Statutes, simply because he successfully defeated Appellees' efforts to foreclose their liens. Section 713.29 provides for an award of attorney's fees to the prevailing party in an action to enforce a lien, but "prevailing party" has been construed to mean the party who prevails on the "significant issues" in the entire litigation, not just the lien claim. *See Trytek v. Gale Indus., Inc.*, 3 So. 3d 1194, 1202 (Fla. 2009); *Prosperi v. Code, Inc.*, 626 So. 2d 1360, 1362-63 (Fla. 1993).

Here, the trial court did not necessarily abuse its discretion in denying attorney's fees to Marocco under the "significant issues" test because even though he successfully defended against Appellees' lien foreclosure claim, the jury found in favor of Design

---

nature of his work, but that is not the issue. Rather, the issue is whether, based on the evidence presented, it was foreseeable that Marocco would suffer *some amount* of lost wages based on the filing of the liens. In this context, foreseeability was a fact question for the jury. *See McCain v. Fla. Power Corp.*, 593 So. 2d 500, 504 (Fla. 1992) (explaining that "the question of foreseeability as it relates to proximate causation generally must be left to the fact-finder to resolve").

& More on its counterclaim for unjust enrichment. *See Prosperi*, 626 So. 2d at 1362 ("[I]t was obviously not the intent of the legislature to award attorney's fees to a defendant in a mechanics' lien foreclosure merely because he successfully defends against the impression of a lien yet is nevertheless found liable in damages, in the same case, for labor and/or materials furnished for his benefit.") (quoting *Emery v. Int'l Glass & Mfg., Inc.*, 249 So. 2d 496, 500 (Fla. 2d DCA 1971)). Nevertheless, because our disposition on issues 1 and 2 might impact the balancing required under the significant issues test, we reverse the denial of attorney's fees under section 713.29 and remand for reconsideration in light of this opinion.

On issue 6, we disagree with Marocco's argument that he was entitled to an award of attorney's fees under section 713.31, Florida Statutes, simply because the jury found that Appellees exaggerated the amount of their liens. Section 713.31 provides for an award of attorney's fees to the party who prevails in an action to foreclose a fraudulent lien and it defines "fraudulent lien" to include liens in which the lienor has willfully exaggerated the amount of the lien. *See* § 713.31(2)(a), (2)(c), Fla. Stat. However, an award of prevailing party attorney's fees under this statute is subject to the same "significant issues" test that governs an award of fees under section 713.29. *See Newman v. Guerra*, 208 So. 3d 314, 317-19 (Fla. 4th DCA 2017) (holding that the "significant issues" test adopted in *Trytek* and *Prosperi* also applies to motions seeking attorney's fees under section 713.31). Accordingly, although the trial court did not necessarily abuse its discretion in determining that Marocco was not entitled to attorney's fees under section 713.31, we reverse and remand for reconsideration in light of this opinion because our disposition on issues 1 and 2 might impact the balancing required under the significant issues test.

## Conclusion

Based on the foregoing, we reverse the final judgment and remand for entry of an amended final judgment in accordance with the jury's verdict in its entirety; reverse the orders denying Marocco's motions for attorney's fees and remand for reconsideration in light of this opinion; and dismiss Appellees'

cross-appeal for lack of jurisdiction. In all other respects, we affirm.

AFFIRMED in part; REVERSED in part; DISMISSED in part; REMANDED with directions.

OSTERHAUS and WINOKUR, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

Mark V. Murray, Tallahassee; and Terry P. Roberts of Law Office of Terry P. Roberts, Tallahassee, for Appellant/Cross-Appellee.

Davisson F. Dunlap, Jr., of Dunlap & Shipman, P.A., Tallahassee, for Appellees/Cross-Appellants.