DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ROMAN CABRIANO,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D19-3608

[August 18, 2021]

Appeal of order denying rule 3.850 motion from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Daliah Weiss, Judge; L.T. Case No. 50-2013-CF-008396-AXXX-MB.

Thomas Inskeep of Griffin Inskeep Law LLC, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Mitchell A. Egber, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Roman Cabriano appeals an order denying his Florida Rule of Criminal Procedure 3.850 motion for post-conviction relief, in which he raised twelve grounds for relief. He challenges the court's summary denial of grounds three, eight, and ten. We affirm as to grounds three and ten without comment, but we reverse and remand for an evidentiary hearing as to the claim in ground eight that counsel was ineffective for failing to move to disqualify the trial judge.[1]

Cabriano was charged with sexual battery without physical force or violence in violation of section 794.011(5), Florida Statutes. The victim, who was a friend of Cabriano's step-daughter, was spending the night in Cabriano's home when she woke up during the night to find that he had penetrated her vagina with his fingers. Cabriano raised a defense of insanity due to involuntary intoxication; he claimed he had taken both

---

[1] The judge who ruled on the motion for post-conviction relief was a successor judge and did not preside over the trial.

Ambien and Xanax on the night of the incident and did not know what he was doing.

Before trial, the prosecutor filed a notice of intent to offer evidence about an incident when Cabriano's step-daughter woke up during the night to find that Cabriano had his hand in her pants and was rubbing her vagina. The prosecutor argued that this evidence would be admissible to rebut Cabriano's anticipated defense of insanity due to involuntary intoxication by showing that he had committed a similar act when he was not involuntarily intoxicated. The court ruled that the evidence would not be admissible during the State's case-in-chief but might be admissible as rebuttal evidence if the involuntary intoxication defense was actually raised at trial.

At trial, Cabriano testified on direct examination that he was surprised and emotional when the victim told him what happened:

> I don't know why she's saying this. I don't understand why she would say this about me, and—I would never hurt her. I wouldn't do that; it's not who I am. It really hurt me that she says this, and that's why it's very hard for me to hear that someone who would say that I hurt them like that when I know that deep down in my heart I would not do this. I'm not that type of person, I'm not that type of guy; I would lay down my life before anything like that happens. It's not who I am.

After counsel finished direct examination, the judge excused the jury and asked the prosecutor if she intended to cross-examine Cabriano about the incident involving his step-daughter. The prosecutor said she did, and the judge asked what her argument was. But before she could respond, defense counsel asked, "As to?," and the judge explained that it was "clear to [him]" that Cabriano had "put his character at issue with respect to prior crimes related to sexual assaults on other people" by testifying that he was "not that type of person." Defense counsel and the judge proceeded to argue the issue; the prosecutor spoke only when the judge prompted her for additional quotes from Cabriano's testimony. The judge ultimately ruled that Cabriano's testimony had opened the door to cross-examination about the incident involving his step-daughter. When the prosecutor brought up the incident on cross-examination, Cabriano denied it. The judge then allowed the prosecutor to call Cabriano's step-daughter as a rebuttal witness to testify about the incident.

Cabriano was convicted as charged and sentenced to twelve years in prison followed by three years of sex offender probation. We affirmed on direct appeal. *Cabriano v. State*, 211 So. 3d 147 (Fla. 4th DCA 2017).

In ground eight of his rule 3.850 motion, Cabriano claimed counsel was ineffective for failing to move to disqualify the trial judge because he departed from his role as a neutral arbiter and became an advocate for the State by suggesting that Cabriano's testimony had opened the door to cross-examination about the incident involving his step-daughter. The successor judge summarily denied the claim, adopting the State's arguments that there was no legally sufficient basis for disqualification and that Cabriano had failed to demonstrate prejudice.

This appeal followed. We conclude that Cabriano sufficiently alleged both deficient performance and prejudice as to ground eight and was entitled to an evidentiary hearing.

Cabriano sufficiently alleged deficient performance by claiming that counsel should have moved to disqualify the trial judge because he departed from his role as a neutral arbiter and became an advocate for the State. Cabriano alleged that, instead of requiring the prosecutor to argue that his testimony had opened the door to cross-examination about the incident involving his step-daughter, the judge took it upon himself to raise the issue and then made the argument on the prosecutor's behalf. The record does not refute Cabriano's claim that the judge's actions created a sufficient concern about his impartiality that counsel should have moved to disqualify him. We recognize that the prosecutor had argued before trial that evidence about the incident would be admissible, but the prosecutor did not raise the issue at trial, and the judge raised a different argument than the prosecutor had made before trial. *See Cammarata v. Jones*, 763 So. 2d 552, 553 (Fla. 4th DCA 2000) (finding disqualification was required because the judge "suggest[ed] to [plaintiff's] counsel alternatives on how to proceed strategically"); *Crescent Heights XLVI, Inc. v. Sea-Air Towers Condo. Ass'n,* 729 So. 2d 420, 421 (Fla. 4th DCA 1999) (finding disqualification was required because the judge "offer[ed] legal advice" to the plaintiff); *see also Chastine v. Broome*, 629 So. 2d 293, 295 (Fla. 4th DCA 1993) ("When the judge enters into the proceedings and becomes a participant, a shadow is cast upon judicial neutrality so that disqualification is required. . . . [T]he trial judge serves as the neutral arbiter in the proceedings and must not enter the fray by giving 'tips' to either side.") (citations omitted).

As for prejudice, Cabriano sufficiently alleged that the trial was rendered fundamentally unfair, and its outcome unreliable, by the judge's

apparent lack of impartiality and counsel's failure to move to disqualify him. Cabriano did not need to show that the prosecutor would not have pursued the same line of cross-examination, or that the outcome of the trial would have been different, if counsel had moved to disqualify the judge. *See Thompson v. State*, 990 So. 2d 482, 490-91 (Fla. 2008); *Goines v. State*, 708 So. 2d 656, 660-61 (Fla. 4th DCA 1998).

Because Cabriano sufficiently pled deficient performance and prejudice, we reverse the summary denial of ground eight and remand for an evidentiary hearing.

*Affirmed in part, reversed in part, and remanded in part.*

MAY, DAMOORGIAN and LEVINE, JJ., concur.

\*　　　\*　　　\*

**Not final until disposition of timely filed motion for rehearing.**

4