# SIXTH DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

Case No. 6D24-469
Lower Tribunal No. 2023-003835-CA

_____

DONNA TORRES,

Petitioner,

v.

LISA ORLICK,

Respondent.

_____

Petition for Writ Prohibition to the Circuit Court for Charlotte County.

April 19, 2024

TRAVER, C.J.

Petitioner, Donna Torres, seeks a writ of prohibition to disqualify the trial judge presiding over her case. We have jurisdiction. *See* Fla. R. App. P. 9.030(c)(3). Because the trial judge departed from his neutral position and gave litigation advice to Respondent, Lisa Orlick, we grant the petition.

Petitioner obtained a clerk's default against Respondent, who moved to set it aside. Respondent's counsel alleged excusable neglect, blaming his intake department for failing to calendar the response deadline. Counsel provided no sworn evidence of this failure via affidavit or otherwise.

The trial court set a hearing, where Petitioner argued Respondent's motion was legally insufficient because the motion was neither verified nor supported by an affidavit. *See, e.g.*, *Geer v. Jacobsen*, 880 So. 2d 717, 720 (Fla. 2d DCA 2004). The trial judge then interjected himself into the proceeding by continuing the matter without any request from Respondent so that she could procure and file supporting affidavits:

> THE COURT: . . . [Respondent], why is there no affidavit in this case?
>
> [RESPONDENT]: The motion was signed and filed by the attorney of record . . . setting forth as an officer of the court certain facts and circumstances. Certainly I can supplement it with an affidavit of those specific individuals involved that are referenced in the motion. But --
>
> THE COURT: Okay. . . . I tried to stay off in my lane. But there was no affidavit and I usually get an answer to (sic) affirmative defenses and an affidavit.
> So [Respondent], prepare an order that I'm going to continue the hearing on this. You have ten days to file affidavits in support of your motion and get it reset for hearing.

Petitioner timely filed her sworn motion to disqualify the trial judge, which complies with substantive and procedural authority. *See* § 38.10, Fla. Stat. (2023); Fla. R. Gen. Prac. & Jud. Admin. 2.330. This was the first such motion Petitioner filed in this action. She attested that the trial judge's actions led her to believe she could not obtain a fair trial. The trial court denied the motion as legally insufficient.

2

Petitioner appropriately uses a writ of prohibition to challenge the trial court's denial of her motion to disqualify. *See Fla. Power & Light Co. v. Velez*, 365 So. 3d 1194, 1197 (Fla. 3d DCA 2023). We review this denial de novo. *See Parker v. State*, 3 So. 3d 974, 982 (Fla. 2009).

Respondent does not challenge Petitioner's compliance with rule 2.330's procedural requirements. We therefore only determine whether her motion is legally sufficient to support the trial judge's disqualification. *See* Fla. R. Gen. Prac. & Jud. Admin. 2.330(h). This inquiry explores whether the facts contained in Petitioner's motion to disqualify—which we must accept as true—would prompt "a reasonably prudent person to fear that [she] could not get a fair and impartial trial." *Hayslip v. Douglas*, 400 So. 2d 553, 556 (Fla. 4th DCA 1981).

The trial judge's actions support disqualification because he abdicated his position of neutrality, gave unsolicited and strategically beneficial legal advice to Respondent, and then continued the proceeding without request so Respondent could act on this advice. "'Trial judges must studiously avoid the appearance of favoring one party in a lawsuit, and suggesting to counsel or a party how to proceed strategically constitutes a breach of this principle.'" *Bank of Am., N.A. v. Atkin*, 303 So. 3d 583, 587 (Fla. 3d DCA 2018) (quoting *Shore Mariner Condo. Ass'n v. Antonious*, 722 So. 2d 247, 248 (Fla. 2d DCA 1998)). "'A trial judge crosses the line when he becomes an active participant in the adversarial process, i.e., gives

3

"tips" to either side.'" *Id.* (quoting *Great Am. Ins. Co. v. 200 Island Blvd. Condo. Ass'n*, 153 So. 3d 384, 388 (Fla. 3d DCA 2014)).

In *Shore Mariner*, the Second District issued a writ of prohibition because a trial judge suggested that a party amend its pleadings to assert a necessity defense. 722 So. 2d at 248; *see also Cammarata v. Jones*, 763 So. 2d 552, 552 (Fla. 4th DCA 2000) (granting prohibition where trial judge denied party's motion but then proposed three different options to obtain party's requested relief); *Chastine v. Broome*, 629 So. 2d 293, 294–95 (Fla. 4th DCA 1993) (granting prohibition where trial judge passed note to prosecutor that read "sometimes it is better not to cross-examine witnesses"). The trial judge's conduct here is analogous, and Petitioner's motion to disqualify was legally sufficient.

We therefore grant Petitioner's petition. We recognize the hearing on Respondent's motion to set aside clerk's default occurred over two months ago and the continued hearing is fast approaching. We trust that the successor judge will prioritize this matter on his or her schedule.

PETITION GRANTED; WRIT ISSUED.

MIZE and GANNAM, JJ., concur.


Raymond Christopher, of Ave Maria Law Center, Ave Maria, for Petitioner.

Warren Kwavnick, of The Law Office of Warren B. Kwavnick, PLLC, Pembroke Pines, for Respondent.

4

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED